Henry BUTTERY et al., Relators,

v.

Hon. Charles O. BETTS, District Judge, Respondent.

No. B–364.

Supreme Court of Texas.

Nov. 22, 1967.

Rehearing Denied Jan. 17, 1968.

Carlos Ashley, Jr., Llano, John W. Stayton, Fred B. Werkenthin, Austin, for relators.

Crawford Martin, Atty. Gen., Sam Kelley and Robert Flowers, Asst. Attys. Gen., Jacobsen & Long, Jake Jacobsen and Joe Long, Austin, Moursund & Ferguson, Tom Ferguson, Johnson City, for respondents.

POPE, Justice.

H. L. Buttery and others as relators, filed this original proceeding for a writ of mandamus directing Charles O. Betts, Judge of the 98th District Court of Travis County to vacate an order granting a new trial in a cause filed by relator. In our opinion the order granting the new trial is void because the court lost jurisdiction thirty days after rendition of judgment. Relators are entitled to a writ of mandamus. Article 5, § 3 of Tex.Const., Vernon's Ann.St.; art. 1733, Vernon's Ann. Civ.Stat.

Relators made application to the Savings and Loan Commission for a charter for a new savings and loan association in Llano to be known as the Peoples Savings & Loan Association. Community Savings & Loan Association, one of the respondents in this mandamus action, already was authorized to transact business in Texas with its principal place of business in Fredericksburg. It had previously made application for authorization to establish a branch office in Llano. The Savings and Loan Commissioner held separate hearings on Peoples' and Community's applications and by separate orders denied both of them.

Relators, on behalf of Peoples, and Community separately appealed to the 98th District Court of Travis County. Relators' appeal was docketed under number 154,-091 and was styled Henry Buttery et al. v. James O. Gerst, Savings and Loan Commissioner. Community's appeal was docketed under number 154,082 and was styled Community Savings & Loan Association v. James O. Gerst, Savings and Loan Commissioner. Each association intervened in the other case to protest the grant of the requested authorization.

Relators, joined by the Commissioner, filed a motion to consolidate their case with the Community case for all purposes pursuant to Rule 174(a), Texas Rules of Civil Procedure. Community resisted the motion, and after a hearing, the trial judge entered separate but similar orders in each case. The order in the Buttery or Peoples case provides:

"* * * [t]hat the motion should be denied insofar as it requests a full and complete consolidation of this cause with cause number 154,082 styled Community Savings & Loan Association, Plaintiff, v. James O. Gerst, Savings & Loan Commissioner of Texas, Defendant, but that said motion should be granted to the extent that said cases be consolidated for the purposes of trial only.

"* * *

"It is further ORDERED that the motion, insofar as it requests consolidation of the instant cause with said cause number 154,082 other than for trial only is denied, to which latter action of the court the Plaintiffs herein and the Defendant, James O. Gerst, in open court duly excepted."

At the trial, two separate hearings were conducted. Separate statements of facts and separate docket notations were made in each cause. On May 9, 1967 the trial

court rendered two separate judgments, each of which granted the respective applications. The problem in this case arises out of the steps taken after judgment.

Relators, on behalf of Peoples, filed a timely motion for new trial and notice of appeal in cause number 154,082, the Community case in which they had intervened. The motion complained of the trial court's failure to consolidate the two cases for all purposes instead of "for the purposes of trial only." Community, joined by the Commissioner, then filed a document in the same case entitled "Motion to Set Hearing on Motion for New Trial." The movants, by this motion, joined in relators' prayer for a new trial in the Community case, but they also asked for a new trial in the Peoples case. Community filed no motion for new trial in cause number 154,091, the Peoples case. The trial court on June 19, 1967, after hearing the motion for new trial, granted a new trial in both the Community case and the Peoples case. Relators, for Peoples, now seek a writ of mandamus to require the respondent judge to vacate the order granting a new trial in the Peoples case, because the judgment in that case became final thirty days after its entry on May 9, 1967.

The trial court's order for consolidation was "for the purposes of trial only." It was not a merger of the two proceedings. This is borne out by the order itself, the separate transcripts of the record and testimony, the separate judgments, and even by Community's motion to set a hearing on Peoples' motion for new trial, wherein Community referred to and adopted Peoples' complaint that the court erred in failing to consolidate the cases for all purposes. 3 McDonald, Texas Civil Practice, §§ 10.23, 910, 913, 917 (1950).

Relators urge that the two causes were not merged, the judgment in the Buttery or Peoples case was rendered on May 9, 1967, no motion for new trial was ever filed in that case, and the judgment became final at the expiration of thirty days.

Ex parte Godeke, 163 Tex. 387, 355 S.W.2d 701 (1962). Relators' contentions are sound under the provisions of Rule 329b(5). The rule states:

"5. Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. * * *."

█ The motion for new trial filed in the Community case was unavailing as a motion for new trial in the separate Peoples case. See Neuhoff Brothers, Packers v. Acosta, 160 Tex. 124, 327 S.W.2d 434 (1959); Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624 (1935). The order in the Community case insofar as it purported to set aside the judgment in the Peoples case is void, Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961), and this court may issue a writ of mandamus ordering the trial court to set it aside. State Board of Insurance v. Betts, 158 Tex. 83, 308 S.W.2d 846 (1959); State v. Ferguson, 133 Tex. 60, 125 S.W.2d 272 (1939); Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905 (1924).

█ Community argues that even if the order granting the new trial is void, the relators have an adequate remedy at law by way of appeal after a retrial on the merits. Relators are entitled to their final judgment in the Buttery case without establishing that right after a needless retrial and an appeal. Fulton v. Finch, supra; Ridley v. McCallum, 139 Tex. 540, 163 S.W.2d 833 (1942); Highland Farms Corp. v. Fidelity Trust Co. of Houston, 125 Tex. 474, 82 S.W.2d 627 (1935); Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1068 (1926); Gulf, C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 4 A.L.R. 613 (1919).

We assume that the trial judge will set aside the order purporting to grant a new trial in the cause numbered 154,091, Buttery v. James O. Gerst, Commissioner. A writ of mandamus will issue only if he does not do so.