**Gonzalo MITRE and Monica Aguirre Canseco, Appellants,**

v.

**BROOKS FASHION STORES, INC., et al., Appellees.**

**No. 13–91–370–CV.**

Court of Appeals of Texas, Corpus Christi.

Oct. 10, 1991.

M. Lloyd Seljos, McAllen, for appellants.

Jaime A. Drabek, Hirsch, Glover & Robinson, Kathleen H. Burguete, Willette & Associates, John William Black, Black, Hamilton, Roerig & Yanez, Brownsville, Patricia Kelly, Roger W. Hughes, Adams & Graham, Harlingen, Kathleen Walsh Beirne, Hirsch, Glover & Robinson, Houston, Stephen C. Haynes, Anthony B. James, Thornton, Summers & Biechlin, McAllen, Edward G. Aparicio, Michael E. Hearn, Jones, Galligan, Key & Pena, Weslaco, Alan Couture, Brin & Brin, Corpus Christi, for appellees.

Before SEERDEN, KENNEDY and HINOJOSA, JJ.

## OPINION ON MOTIONS TO DISMISS

SEERDEN, Justice.

Appellees, Lerner Shops, Jeans West, Inc., 5–7–9 Shops, Joan Bari, Oak Tree Mens Store, Spencer Gifts, Inc., Casey & Osh, Inc. d/b/a Attivo, and Brooks Fashion Stores, Inc., have filed motions to dismiss claiming that appellants Mitre and Canseco failed to timely perfect an appeal from the summary judgment granted in their favor on March 11, 1991.

The transcript reflects that the trial court granted summary judgment against appellants on their claims concerning the above named appellees. In that judgment, the trial court granted the motions for summary judgment and motions for severance. The order bore the file number C–3429–89–C. The court severed the action against the defendants for whom summary judgment had been granted and gave it a separate cause number. The severed case was styled "GONZALO MITRE AND MONICA AGUIRRE CANSECO VS. BROOKS FASHION STORES, INC., SPENCER GIFTS, INC., CASEY & OSH, INC. d/b/a ATTIVO, JEANS WEST, INC., LERNER SHOPS, 5–7–9, JOAN BARI AND OAK TREE MENS STORE". The court further stated that the order granting summary judgment be likewise filed and entered in the new cause number, C–3429–89–C–1, and the entry of the new cause number would constitute a final judgment. On April 8, 1991, appellants filed a motion for new trial complaining of the summary judgment granted against them. The motion for new trial bears the cause number and style of the original, rather than the severed cause which had been made final in the judgment. No motion for new trial was filed bearing the new cause number. On May 14, 1991, the trial court signed an order in the severed cause number that vacated the March 11, 1991 judgment. The trial court then consolidated Cause no. C–3429–89–C and Cause no. C–3429–89–C–1 into the original cause number. The judge then granted summary judgment and severed the cause into C–3429–89–C–3. Appellants attempted to perfect from that judgment which was entered on June 7, 1991.

Appellees argue in their motions to dismiss that the appellants have failed to timely perfect their appeal because the motion for new trial was filed in the wrong cause number. A motion for new trial shall be filed within 30 days after the judgment is signed. Tex.R.Civ.P. 329b(a). If no motion for new trial is filed, an appeal must be perfected within thirty days after the judgment was signed. No cost bond, deposit of cash in lieu of cost bond or affidavit of inability to pay costs was filed within thirty days of the judgment in the severed cause number.

It is undisputed that the motion for new trial in this case was filed in the old cause number rather than the appealable severed action. Appellees cite *Philbrook v. Berry*, 683 S.W.2d 378 (Tex.1985) in support of their position that we must dismiss this appeal. In *Philbrook*, the plaintiff sued Owens and others for personal injury damages. Owens failed to answer. Philbrook moved for severance and default. Nine days after the default was granted, Owens filed an answer in the original cause. Owens then filed a motion for new trial in the original cause. The trial judge treated the motion for new trial as if it had been filed in the severed cause. The trial judge

granted a new trial 53 days after the judgment was entered. Philbrook argued to the Supreme Court that the trial court had lost plenary power over the cause. The Supreme Court agreed. It held that the default judgment was already final when the trial court ordered a new trial. In addition to being timely filed, the motion for new trial must be filed in the same cause number as the judgment the motion assails. *Id.* at 379. In *Philbrook,* the case had been severed prior to the default being entered. The judgment bore the severed cause number. A similar result was reached by the Austin Court of Appeals in *Richie v. Ranchlander National Bank,* 724 S.W.2d 851 (Tex.App.—Austin 1986, no writ). In *Richie,* the court held that a motion for new trial filed in the original cause rather than the severed cause failed to extend the court's jurisdiction over the judgment entered in the severed cause. *Id.* at 854.

A contrary result was reached by the San Antonio court in *Southland Paint v. Thousand Oaks Racket Club,* 687 S.W.2d 455 (Tex.App.—San Antonio 1985, no writ). There, the court reasoned that *Philbrook* demanded nothing more than the requirement that the motion for new trial be filed in the same cause as the judgment it assails. In *Southland,* the motion for new trial and the judgment it assailed were filed in the same cause.

Here, the motion for new trial was filed in the same cause number as the case in which the judgment was rendered. It is undisputed that the original cause number was not the one from which the appeal was taken. It is also equally clear from the motion for new trial that the parties were complaining about the summary judgment from which they are attempting to appeal.

We believe that *Philbrook* is distinguishable because the judgment in that case was actually signed in the severed action. Here, the summary judgment and severance were part of one instrument. We believe it is both reasonable and understandable for appellants' attorney to have filed the motion for new trial in the cause in which the judgment was rendered with the understanding that the clerk would file it in the new cause when it filed the rest of the papers in the severed cause. Further, we do not believe that the case relied upon in *Philbrook* compels the result appellees seek in this case. In *Buttery v. Betts,* 422 S.W.2d 149 (Tex.1967), there were initially two separate suits with different cause numbers. The cases were merged for the limited purpose of holding a trial, yet separate hearings were held and separate judgments were entered. *Id.* at 150–51. In *Buttery,* the court held because the proceedings were at no time consolidated, a motion for new trial filed by one party in another separate action was ineffective to extend the court's jurisdiction in the first party's lawsuit.

We hold that the motion for new trial filed in the cause in which the judgment was signed was sufficient to extend the appellate deadlines. The motions to dismiss are denied.