Guy Wayne McROBERTS, Petitioner,

v.

Michael W. RYALS and Suzanne
Hart, Respondents.

No. D–0715.

Supreme Court of Texas.

June 30, 1993.

Rehearing Overruled Nov. 17, 1993.

Bob Roberts and Ted Applewhite, Austin, for petitioner.

Belinda A. Vrielink, Robert B. Wellenberger and Rhonda Johnson Byrd, Dallas, for respondents.

**OPINION**

GAMMAGE, Justice.

This appeal of a summary judgment in a bill of review case presents again the problem of the effect of severance orders on the filing deadlines necessary to preserve appeals. The trial court held McRoberts' first counsel was negligent as a matter of law when he believed that a judgment combined with a severance order was interlocutory after the court of appeals clerk advised him that the order was "clearly interlocutory with respect to the parent cause [and that] nothing in the record reflect[s] that any order at all has been entered in the severed cause." The court of appeals concluded McRoberts never had an appeal because his motion for new trial was submitted in the "parent cause" rather than the severed cause, even though the trial court clerk had neither assigned the new cause a number nor created a new file for the "severed" cause at the time the motion was due. 861 S.W.2d 253. We hold that the summary judgment evidence did not establish McRoberts' negligence as a matter of law. We reverse the judgments of the courts below and remand the cause to the trial court.

Guy Wayne McRoberts sued Michael W. Ryals, Suzanne Hart, Mazda Motor Corpora-

tion, Transnational Motors, Inc., and the City of Dallas for personal injury from an automobile accident in 1985. McRoberts alleges that Ryals was driving while intoxicated going the wrong way on a one-way street when he struck McRoberts' automobile, causing McRoberts to become blind. He further alleges Hart, as Ryals' passenger, engaged in negligent conduct contributing to the collision. Other theories of liability were asserted against Mazda, Transnational and the City. The suit was assigned cause number 86–1630–M.

Counsel for McRoberts wrote a letter to counsel for Ryals and Hart, demanding insurance policy limits. The lawyers representing Ryals and Hart wrote back "accepting the offer of settlement," and stating that as soon as McRoberts signed the standard release he would receive a check for the policy limits, $15,000. The day after he received the "acceptance" letter, McRoberts' attorney wrote counsel for Ryals and Hart that "it is not possible for Mr. McRoberts to accept this settlement offer at this time."

With the first two letters as the only written "agreement," Ryals and Hart filed a motion to enforce the "settlement agreement." After hearing the motion as a summary judgment proceeding, on November 14, 1986, the district judge signed a judgment which recited that there had been a settlement between McRoberts and Ryals and Hart, and ordered that Ryals and Hart pay McRoberts $15,000, and that the claim against them be severed and dismissed.

On November 24, 1986, the judge signed an "Amended Judgment" granting substantially the same relief. The Amended Judgment added that it was based on "the evidence and the argument of counsel," not just on "the pleadings and the motion," as the first judgment had recited. The Amended Judgment recited "that the Plaintiffs' actions against Michael W. Ryals and Suzanne Hart be severed from the remaining cause of action pending in this case, and that Defendant Ryals' and Hart's Motion to Enforce Settlement Agreement is sustained."

On November 29, 1986, counsel for Ryals and Hart sent a letter to the district clerk asking that the severed action be given a new cause number, and included a docketing fee of $113. They mailed a copy of the letter to McRoberts' counsel. McRoberts filed a motion for new trial on December 10, 1986, to the Amended Judgment, showing the cause number 86–1630–M, and submitted it in that cause. This motion for new trial was overruled January 13, 1987.

On January 29, 1987, the district clerk finally opened a new file for the severed cause, and gave it the new cause number 87–1261–M. The clerk did not send notice to the parties of the number or the creation of a new file for the severed cause. On February 11, 1987, McRoberts filed an appeal bond with the district court, still designating "86–1630–M" as the cause number.

On May 7, 1987, the court of appeals clerk wrote counsel for McRoberts a letter stating:

> The transcript now on file with this Court does not sufficiently reflect that this Court has jurisdiction over this cause. Specifically, there appears to be no final judgment. The Court recognizes that the November 24, 1985 amended judgment ordered a severance of its judgment disposing of certain claims, to achieve finality. The order of severance, however, appears to be filed in the parent cause, trial court number 86–1630–M, and, as such, is clearly interlocutory with respect to the parent cause. There is nothing in the record to reflect that any order at all has been entered in the severed cause, and it is only the severed cause from which an appeal appears now to be proper.

> This appears to be a defect that is correctable. Therefore, pursuant to TEX. R.APP.P. 55(b), this Court directs you to file a supplemental transcript containing an order filed within the severed cause expressly disposing of the severed claims. No other documents may be included in the supplemental transcript without leave of the Court. The supplemental transcript should be filed by June 8, 1987 or else this cause may be dismissed for want of jurisdiction. This deadline cannot be extended without a formal motion to extend.

McRoberts' counsel concluded from this letter that the judgment rendered against

Ryals and Hart was interlocutory, which meant that the trial court still had jurisdiction to modify or withdraw it. He requested the trial court to reconsider the judgment. Ryals and Hart resisted his trial court motion on the grounds that the trial court had lost plenary jurisdiction over the severed cause. On June 9, 1987, the new presiding judge ordered the prior judgments vacated. The next day McRoberts moved to dismiss the pending appeal. The court of appeals granted the motion.

Ryals and Hart filed a motion for leave to file petition for writ of mandamus in the court of appeals. They alleged the trial court had lost plenary jurisdiction to set aside its order granting summary judgment and severance. The court of appeals agreed, and granted relief vacating the new orders and in effect reinstating the original summary judgment and severance. *Ryals v. Canales*, 748 S.W.2d 601 (Tex.App.—Dallas 1988, orig. proceeding [leave denied]).

McRoberts then filed this bill of review. He alleged he was deprived of his right of appeal by (1) the district clerk's delay in assigning a new file number, and the clerk's failure to advise the parties when this was finally done; (2) the confusion caused by the letter from the clerk of the court of appeals; and (3) "fraud" of the opposing parties in failing to tell McRoberts of the new cause number, in filing photocopies of the judgment in the severed cause, and in continuing to participate in the parent cause with knowledge they were no longer parties to it.

Ryals and Hart sought summary judgment that neither their counsel nor the district clerk had any duty to inform McRoberts of the new docket number, and that the judgment became final because of his own failure to insure that he was appealing in the correct cause. Ryals and Hart also contended that the letter from the court of appeals clerk was accurate. They urged that McRoberts lost his right to appeal because his own counsel was negligent. They also contended he was not likely to prevail on appeal. Their supporting summary judgment evidence consisted largely of documents from the respective trial court and court of appeals records.

McRoberts opposed the motion for summary judgment with supporting affidavits, including one from his former counsel which tended to prove the allegations of his pleading.[1] The trial court granted summary judgment for Ryals and Hart, denying the bill of review on the stated grounds that the loss of McRoberts' right to appeal resulted from his own counsel's negligence as set forth in "Ground C"[2] of the motion. The court of appeals affirmed on the somewhat different basis that McRoberts never filed a timely and effective appeal because the motion for rehearing and appeal bond were filed under the wrong cause number. 861 S.W.2d 253.

The letter from the clerk of the court of appeals assumed there had to be a "severed" cause number assigned, and a separate physical file, before the severance order was effective. However, an order grant-

---

1. The attorney's affidavit stated:

At or near the time of entry of the November 24, 1986 Order of Severance, counsel for Respondent voluntarily assumed the duty to open the new, severed cause number.

Respondents' counsel did not advise me of the entry of, assignment or existence of a new cause number. In fact, Respondent's counsel's letters, conversations and papers continued to reference the cause number 86–1630–M even after the severance was effected in January, 1987.

I never received oral or written notice from the clerk of the 298th District Court of the opening of the severed cause number 87–1260 and, in fact, was led to believe after considering Mr. Stripling's letter of May 7, 1987, that the Order of Severance was interlocutory.

2. The "C" paragraph of the motion alleged "numerous errors and omissions" by former counsel for McRoberts, "including":
1. Failing to attend to the docketing of the severed cause;
2. Failing to check with the district clerk to see if the severed cause had been docketed;
3. Filing his motion for new trial in the First Cause;
4. Filing his appeal bond in the First Cause;
5. Failing to determine the effect of the order of severance on the finality of the judgment;
6. Failing to follow the directive of the clerk of the Court of Appeals as to the correction of the procedural defects;
7. Failing to determine whether the judgment in the severed action was final; and
8. Voluntarily dismissing the appeal.

ing a severance with a judgment in the cause ordered severed is effective when signed.[3] *Hall v. City of Austin*, 450 S.W.2d 836, 838 (Tex.1970); *Richards v. Allen*, 402 S.W.2d 158, 160 (Tex.1966); *Pan American Petroleum Corp. v. Texas Pac. Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959). It became effective without the district clerk's creation of a separate physical file with a different cause number.[4] Thus, the clerk's letter was at least misleading.

■ The court of appeals, through its clerk, had the right to direct clarifications of the record. But in his official capacity announcing a directive of the court, the clerk provided a misleading statement of law, reliance on which for summary judgment purposes will not be treated as negligence as a matter of law. *See generally Petro–Chemical Transp., Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex.1974). The attorney's conduct in securing the trial judge's order setting aside the judgment and severance, and in relying on that order, does not establish as a matter of law that the attorney was negligent.

Since this is a summary judgment proceeding, respondents had to negate as a matter of law one of the bill of review elements of petitioner's cause of action. The trial court expressly ruled only that they established negligence as a matter of law. If there is any evidence supporting a contrary inference, their position must fail. *City of Hous-*

*ton v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979). McRoberts' counsel's purported reliance on the court orders and representations furnishes that contrary inference. As this court held before when a court's communications were similarly either erroneous or misleading: "In these circumstances we are unable to say as a matter of law that defendant's loss of the right to … appeal was due to the negligence of counsel." *Petro–Chemical Transp.*, 514 S.W.2d at 246.

The Ground "C" items numbered one through five and seven alleged negligence by McRoberts' former counsel pertaining to obtaining a separate physical file and different cause number for the "severed" file. These matters, whether negligent or not, were immaterial to the appeal, since the judgment in the "severed" cause was final and appealable without any separate physical file or different number. That leaves items six and eight, in which respondents alleged negligence in the way McRoberts' counsel responded to the court of appeals clerk's letter.

McRoberts opposed the motion for summary judgment with supporting affidavits, including the one from his former counsel which tended to prove the allegations of his pleading. Additionally he submitted an affidavit from a former justice of the court of appeals in question stating the expert opinion that McRoberts was reasonable in concluding from the court of appeals clerk's letter that

---

**3.** Of course, the trial court could have conditioned the effectiveness of the severance on a future certain event, such as the clerk's assigning a cause number and payment of fees associated with the severance by the party requesting it. The order under consideration here did neither. Clearly the better practice would be for the trial judge to assign a new cause number as part of the severance order, or at least contemporaneously with it.

**4.** The dissent concedes that *Richards v. Allen* holds that when the trial court renders and signs a judgment and severance order severing any remaining claims or parties, the judgment is final. The dissent implies that "severing out" means one still must distinguish between a "parent cause" and the "severed cause" before one or the other is "out." Thus the dissent would require a physically separate file and different

cause number, producing all the paradoxes of appellate practice exemplified by this case.

The misconception is that there must be a physically separate file and a different cause number for the "severed" cause. This misconception permeates the decisions of the lower courts in this case, and makes its reappearance through the back door of the dissent today. *Richards v. Allen* and our related decisions mean just what they literally say. The severance order and judgment are effective immediately and the judgment final and appealable, whether or not the clerk *ever* creates a physically separate file or assigns a new number to it. We understand that some language in *Philbrook v. Berry*, 683 S.W.2d 378 (Tex.1985), contributes to this misconception. But with all due respect to the dissent, we have so frequently and expressly qualified *Philbrook* that we ought not to hear from the dissent that *Richards v. Allen* does not support the holding of an immediately effective appealable judgment under the facts of this case.

the judgment was interlocutory.[5] All of these remaining "Ground C" alleged errors and omissions by McRoberts' former counsel fail to constitute negligence as a matter of law, because they were induced by the clerk's misleading letter.

■ Consider now the court of appeals' holding[6] that McRoberts' motion for new trial had to be filed in a "severed" cause number that did not exist when the motion was due. All relevant orders and judgments bear the "parent" number 86–1630–M. The judgment which recited that the claim against Ryals and Hart be severed and dismissed bore the number 86–1630–M. The subsequent "Amended Judgment" granting substantially the same relief, also reciting that the Ryals and Hart actions were severed and dismissed, was still numbered 86–1630–M. The November 29, 1986 request that the severed action be given a new cause number produced no timely response from the trial court clerk. When McRoberts filed a motion for new trial on December 10, 1986, it showed the "parent" cause number, 86–1630–M, as it had to, because there was no other cause number. This motion for new trial was overruled January 13, 1987, all actually in the "severed" cause, but without benefit of any new cause number.

When the district clerk finally on January 29, 1987, opened a new file for the severed cause, and gave it the new cause number 87–1261–M, the clerk did not send notice to the parties of the number or the creation of a new file in the severed cause. When McRoberts filed an appeal bond on February 11, 1987, with the district court, he still designated "86–1630–M" as the cause number, because he had no knowledge of any "severed" cause number.

Despite these facts, the court of appeals concluded that McRoberts had to file his motion for new trial in the "severed" cause, with a non-existent new cause number and physically separate file, to have a "timely" motion to extend the appellate timetable under TEX.R.APP.P. 41(a)(1). Other than its own earlier mandamus opinion in the same case, the court relied upon *Philbrook v. Berry*, 683 S.W.2d 378 (Tex.1985), and *Richie v. Ranchlander Nat'l Bank*, 724 S.W.2d 851 (Tex.App.—Austin 1986, no writ). *Philbrook* itself relied upon our decision in *Buttery v. Betts*, 422 S.W.2d 149 (Tex.1967).

This issue is governed, however, by *Mueller v. Saravia*, 826 S.W.2d 608 (Tex.1992), which involved the filing of a motion for new trial in the "parent" cause. There we wrote that *"Philbrook* demands no more than that 'the motion for new trial must be filed in the *same cause* as the judgment the motion assails.'"  826 S.W.2d at 609. As in *Philbrook*, the judgment McRoberts sought to appeal was under the *original* cause number. *Id.* The opinion quoted with approval from *Southland Paint Co. v. Thousand Oaks Racket Club*, 687 S.W.2d 455, 457 (Tex.App. 1985—San Antonio, no writ),[7] that

5. The dissent complains that we do not quote the affidavit, then quotes only a portion and complains that it does not state what records were reviewed. 863 S.W.2d at 456 n. 3. The affiant is both a former justice and former chief staff attorney for the court of appeals in question. When she states she "reviewed the matters giving rise to the ... proceedings" and is "familiar with the case file," the reasonable interpretation is that she reviewed everything. Ryals and Hart filed no exceptions to the affidavit, and made no complaint of ambiguity. Taking reasonable inferences in favor of the non-movant, *Hudnall v. Tyler Bank & Trust Co.*, 458 S.W.2d 183, 185 (Tex. 1970), certainly the court should interpret it broadly absent exception.

6. The trial court stated the express ground for its rendition of summary judgment. The court of appeals affirmed on a different ground, but one that was presented by the summary judgment motion. The court of appeals held it was not limited to the express ground stated by the trial court. 861 S.W.2d at 256–57. Since we address the court of appeals' holding on the merits, we need not decide the procedural issue.

7. Showing this opinion as "no writ" is correct but somewhat misleading. The cited opinion addressed only a motion to dismiss for want of jurisdiction. Thus the opinion and order it produced were interlocutory and not subject to writ of error review. When the case was subsequently decided on the merits, the application for writ of error in the appeal of the whole case was refused, no reversible error. *Southland Paint Co. v. Thousand Oaks Racket Club*, 724 S.W.2d 809 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). Since jurisdiction is fundamental error, *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265 (1957), this court's "n.r.e." notation was implicit recognition that the court of appeals correctly decided the jurisdictional issue.

a party should not be punished "for failure to comply with the terms of an order of severance ignored by [both the opposing party] and the court ... [and] should be able to look to [the] judgment to determine the cause number under which he should file his motion for new trial."

826 S.W.2d at 609.[8] Moreover, in a number of recent decisions, this court has indicated that *Philbrook* is not to be given an expansive reading that invalidates bona fide attempts to appeal. *See, e.g., City of San Antonio v. Rodriguez,* 828 S.W.2d 417 (Tex. 1992); *Crown Life Ins. Co. v. Estate of Gonzalez,* 820 S.W.2d 121 (Tex.1991); *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports,* 813 S.W.2d 499 (Tex.1991).

*Philbrook, Richie,* and *Buttery v. Betts* may all be further distinguished on the basis that in each the severed or separate cause number already existed when the motion for new trial was due. Here McRoberts' counsel faced the impossible dilemma of having to timely file his motion for new trial under a nonexistent cause number.

We conclude that McRoberts' original appeal was timely and free from any non-curable defects. His motion for new trial could not be filed in a non-existent new cause number. Further, because McRoberts' counsel's reliance on erroneous statements and orders from both the trial and appellate courts provides contrary inferences, his negligence is not established as a matter of law. We reverse the judgments of the courts below, and remand this cause to the trial court.

Dissenting opinion by ENOCH, J. joined by CORNYN, J.

ENOCH, Justice, dissenting.

The Court's position can be summed up thusly:

*See generally Long v. Humble Oil & Refining Co.,* 380 S.W.2d 554 (Tex.1964).

8. Other intermediate appellate decisions correctly analyzed *Philbrook* and limited its holding to substantially the same facts. *See, e.g., Mitre v. Brooks Fashion Stores, Inc.,* 818 S.W.2d 154, 156 (Tex.App.—Corpus Christi 1991, no writ) (opinion on motions to dismiss); *Evans. v. Evans,* 809 S.W.2d 574, 574 (Tex.App.—San Antonio 1991, no writ).

When a *clerk* of an appellate court expresses that he or she *questions* whether the appellate court has jurisdiction, the appellant is free to *voluntarily dismiss* the appeal and, *as a matter of law,* that party has been *prevented* from presenting the merits of his or her appeal and it is a question of fact as to whether this conduct was negligence.

I dissent.

Unquestionably, McRoberts lost his right to pursue an ordinary appeal. The present case is a proceeding for bill of review. The questions before us are whether McRoberts lost his right of appeal by the wrongful conduct of the opposing party (which may include reliance upon the improperly executed duty of a court official), and whether his conduct was without negligence.

A bill of review is an equitable proceeding brought for the purpose of setting aside a judgment even though it is no longer subject to an ordinary appeal. *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989). In *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950), we held that a bill of review complainant must "allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own."[1] *Id.* 226 S.W.2d at 998; *accord Ortega v. First RepublicBank,* 792 S.W.2d 452, 453 (Tex.1990). I accept that the second element may be satisfied when a party has suffered a judgment by reliance on a court officer who improperly executes official duties. *Transworld Fin. Servs. Corp. v. Briscoe,* 722 S.W.2d 407, 408 (Tex.1987). However, I would hold that as a

1. When a party is deprived of presenting the case on appeal, rather than at trial, the bill of review petitioner must present a record sufficient to show, prima facie, a meritorious ground of appeal, such that "the judgment might, and probably would, be reversed." *Petro–Chemical Transport v. Carroll,* 514 S.W.2d 240, 245 (Tex.1974).

matter of law an attorney cannot *rely* upon a court officer's mere questioning of jurisdiction as a basis for voluntarily nonsuiting the case.[2]

The bottom line in this case is that McRoberts had filed a timely appeal from his $15,000 judgment against Ryals and Hart, but that he voluntarily dismissed that appeal because *his attorney* concluded the appellate court did not have jurisdiction. Unfortunately, after time for refiling the appeal had expired and the judgment had become unappealable, McRoberts learned, by the appellate court's ruling in an original proceeding, that the appellate court *did have* jurisdiction of the original appeal because the order was a final judgment. *See Ryals v. Canales,* 748 S.W.2d 601, 605 (Tex.Civ.App.—Dallas 1988, orig. proceeding). This bill of review proceeding to have that order set aside followed.

Ryals and Hart, to support the trial court's summary judgment, must have negated one or more of the elements of bill of review as a matter of law. *See Gracey v. West,* 422 S.W.2d 913, 918–19 (Tex.1968); *see also Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970) (summary judgment proper when defendant negates one element of plaintiff's claim as a matter of law). As

mentioned earlier, a new trial by bill of review has been held to be proper when a court official misinforms a defendant about the existence of a judgment against him at a time when he could have done something about it. *See Petro–Chemical Transport v. Carroll,* 514 S.W.2d 240, 245 (Tex.1974); *Hanks v. Rosser,* 378 S.W.2d 31, 35 (Tex.1964). However, that is not the situation here, where all that occurred is that the clerk questioned jurisdiction. Counsel for McRoberts argues that the letter from the clerk convinced him that the order of severance was interlocutory.[3] An attorney's misunderstanding of a communication from the clerk might justify a failure to *file* a motion for new trial or *perfect* an appeal while still within jurisdictional time limits, but as a matter of law, it cannot be the basis for unilateral, voluntary nonsuit or dismissal of a case already filed or an appeal already perfected. As a matter of law, the attorney cannot have been *prevented* by the clerk from presenting a meritorious appeal when he takes the *unilateral, voluntary* action of dismissing his appeal.

The Court makes much of the clerk's letter. The Court asserts that this letter was "at least misleading." First, the letter from the clerk only questions jurisdiction; it cannot reasonably be read to be a ruling by the

---

**2.** The Court, citing to a former appellate judge's affidavit, notes that the affidavit states that McRoberts' attorney was reasonable in relying upon the clerk's letter to conclude that the order was interlocutory, and therefore, holds a fact issue exists as to whether he was negligent. Thus, the Court concludes that the attorney for McRoberts was not shown to be negligent as a matter of law.

All of this discussion is apparently referring to the third prong of the bill of review standard, i.e. the misstep must be "unmixed with negligence." The Court seems to be holding that reliance on an error of a court official (the second prong of the bill of review standard), creates a fact issue as a matter of law on whether the attorney's act was negligence (the third prong). Regardless, a defendant who moves for summary judgment need only negate one element of the plaintiff's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970). While the Court renders its decision on only its conclusion that a fact issue exists as to the third prong, I address the second prong which is dispositive and commands rendition for Ryals and Hart. A summary judgment should be affirmed if any of the grounds asserted in its behalf are valid, even

though it may have been upheld by a lower court on the wrong theory. *Petroscience Corp. v. Diamond Geophysical, Inc.,* 684 S.W.2d 668, 669 (Tex.1984) (per curiam); *Veytia v. Seiter,* 740 S.W.2d 64, 66 (Tex.App.—San Antonio 1987), *aff'd,* 756 S.W.2d 303 (Tex.1988).

**3.** In response to the motion for summary judgment, the Court states, McRoberts presented an expert's opinion that his interpretation of the clerk's letter was reasonable. McRoberts' expert says nothing about reasonable reliance on the clerk's letter. In pertinent part the affidavit reads:

I have reviewed the matters giving rise to the Bill of Review proceedings and am familiar with the case file and issues in the Bill of Review.

It is my opinion that Plaintiff's counsel acted reasonably in believing that the judgment was interlocutory. If the judgment was interlocutory, it was reasonable to rely on Ms. Byrd to open the severed file.

No where does the expert identify the information, documents or activities McRoberts was reasonable in relying upon.

appellate court that it had no jurisdiction.[4] Second, the assertion by the clerk that the order being appealed is interlocutory "with respect to the parent cause" is not a "misleading statement of the law." The Court says the clerk's letter is a misstatement of the law because "an order granting a severance with a judgment *in the cause ordered severed* is effective when signed." 863 S.W.2d 452–53 (n. omitted) (emphasis added). But *Richards v. Allen*, 402 S.W.2d 158, 160 (Tex.1966), cited by the Court as supporting its conclusion under the record in this case, in fact, does not. *Richards* stands for the proposition that when judgment is rendered and an order of severance is signed *severing out any remaining claims or parties*, then the judgment is final. *Richards* does not hold that an order severing the interlocutory judgment makes the interlocutory judgment final even though it remains pending in the same cause with the unresolved matters. Except for *Ryals*, 748 S.W.2d 601, a mandamus action between these parties that decided this exact issue adversely to McRoberts, I have found no authority that was a "statement of the law" under these circumstances. And, *Ryals* came nearly a year *after* the clerk's letter was written. Despite its pronouncement today, apparently the Court failed to find such previous authority also.

I could debate further the reading of the clerk's letter by the Court. Suffice it to say, even assuming the clerk actually told the attorney that the court did not have jurisdiction, instead of merely questioning the court's jurisdiction, the lawyer is not relieved, as a matter of law, of the responsibility to get a ruling from the appellate court. *See Hot Shot Messenger Service, Inc. v. Texas*, 798 S.W.2d 413 (Tex.App.—Austin 1990, writ denied) (method for reviewing conduct of court clerk in refusing to file transcript is by motion to compel presented to the court); *cf. Texas Educ. Agency v. Stamos*, 817 S.W.2d 378, 389–90 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (complaining party

must make known objections and grounds thereof to the court and obtain a ruling thereon in order to raise the objections on appeal); *Guzman v. Solis*, 748 S.W.2d 108, 111 (Tex.App.—San Antonio 1988, writ denied). Today's opinion means that counsel need no longer insist on a ruling from the court, but simply urge later on that he or she was mislead into not seeking a ruling because the clerk questioned his or her position. Yes, I recognize that McRoberts did not dismiss his appeal until after the trial judge set aside his previous order of severance (it has been argued that this was a further "misleading" by a court official), but this was not a ruling by the court that had the authority to decide the issue. It was incumbent upon the attorney to get the ruling from the appellate court. He not only failed to do so, but by his own actions he deprived the appellate court of the opportunity to make that ruling. As a matter of law, McRoberts was not prevented from presenting the merits of his case to the appellate court.

Standards for bill of review are necessarily stringent because of the necessity that judgments must become final at some point. *Transworld Fin. Servs. Corp.*, 722 S.W.2d at 407. Endless litigation, in which nothing is ever settled, is far worse than being unable to grant equitable relief in every sympathetic case. *Alexander*, 226 S.W.2d at 998. Today's ruling by the Court threatens the finality of a judgment on the mere basis that an attorney took the unilateral, voluntary action of dismissing his appeal because the clerk questioned whether the appellate court had jurisdiction.[5]

I would affirm the judgment of the court of appeals.

CORNYN, J., joins in this dissenting opinion.

---

4. The letter has been fully set forth in the Court's opinion. 863 S.W.2d 452.

5. McRoberts also argues that the conduct of opposing counsel prevented him from presenting his case. The logic that precludes McRoberts

from asserting that the clerk's action prevented him from prosecuting his case applies with even greater force to preclude his claim that the conduct of opposing counsel mislead him into unilaterally, voluntarily dismissing his appeal.