COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Tory House, et al. v. The O'Quinn Law Firm, John H. O'Quinn & Associates, LLP, and T. Gerald Treece, as Independent Executor of the Estate of John M. O'Quinn, deceased

        Rolando Acevedo, et al. v. The O'Quinn Law Firm, John H. O'Quinn & Associates, LLP, and T. Gerald Treece, as Independent Executor of the Estate of John M. O'Quinn, deceased

Appellate case number:    01-14-00027-CV, 01-14-00138

Trial court case number:   392,247-404, 392,247-414

Trial court:             Probate Court No. 2 of Harris County

Appellees, The O'Quinn Law Firm, John H. O'Quinn & Associates, LLP, and T. Gerald Treece, as Independent Executor of the Estate of John M. O'Quinn, deceased, were sued by numerous parties, including the 263 plaintiffs ("Plaintiffs") and the 50 intervenors ("Intervenors") in these appeals, in trial court cause number 392,247-404.[1]  Appellees filed individual partial motions for summary judgment against each of the Plaintiffs and individual partial motions for summary judgment against each of the Intervenors.  On November 5, 2013, the trial court signed an order granting appellees' "No Evidence Motions for Partial Summary Judgment as to Plaintiffs."[2]  That same day, the trial court also signed a separate order in trial court cause number 392,247-404 granting appellees' "No Evidence Motions for Partial Summary Judgment as to Intervenors."[3]

On December 18, 2013, the trial court signed two separate orders of severance, making each summary judgment order final and appealable.  *See City of Beaumont v. Guillory*, 751

---

[1]    The names of the 263 plaintiffs and the 50 intervenors are delineated in the trial court's November 5, 2013 orders.

[2]    The order granted summary judgment in favor of appellees against each of the 263 plaintiffs in these appeals.

[3]    The order granted summary judgment in favor of appellees against each of the 50 intervenors in these appeals.

S.W.2d 491, 492 (Tex. 1992) ("A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court."); *Wickers v. Am. Sw. Ins. Managers, Inc.*, No. 14-12-01055-CV, 2013 WL 1499585, at *1 (Tex. App.—Houston [14th Dist.] Apr. 11, 2013, no pet.) ("In this case, the trial court severed appellee from the main case number; thus, the partial summary judgment was final for purposes of appeal."). The first "Order of Severance," relating to Plaintiffs, states:

> On this day, the Court considered severance of the Order granting partial summary judgment as to the 263 Plaintiffs the subject of the No Evidence Motions for Partial Summary Judgment. After considering the merits of severance, and argument of counsel, this Court is of the opinion that severance is proper and should be GRANTED.
>
> It is therefore, ORDERED that the parties and all issues raised by the No Evidence Motions for Partial Summary Judgment, and Order granting same, be and are hereby severed regarding the 263 Plaintiffs listed . . . .
>
> It is further ORDERED [that] the clerk of the court assign a separate cause number of next available sub number to the severed action, and the clerk of the court is directed to make non-certified copies of: (1) the docket sheet; (2) a copy of this Order; and (3) the documents listed as Exhibit A and include them in the file of the severed case.

The second "Order of Severance," relating to Intervenors, states:

> On this day, the Court considered severance of the Order granting partial summary judgment as to the fifty (50) Intervenors the subject of the No Evidence Motions for Partial Summary Judgment. After considering the merits of severance, and argument of counsel, this Court is of the opinion that severance is proper and should be GRANTED.
>
> It is therefore, ORDERED that the parties and issues raised by the No Evidence Motions for Partial Summary Judgment, and Order granting same, be and are hereby severed regarding the 50 Intervenors listed . . . .
>
> It is further ORDERED that the clerk of the court assign a separate cause number of next available sub number to the severed action, and the clerk of the court is directed to make non-certified copies of: (1) the docket sheet; (2) a copy of this Order; and (3) the documents listed as Exhibit A and include them in the file of the severed case.

A reading of the trial court's two "Order[s] of Severance" indicates that the trial court intended to create two separate severed cases, one for Plaintiffs' claims and one for Intervenors'

claims, each with its own "separate cause number of next available sub number," and each distinct from the original trial court cause number 392,247-404.

The trial court instructed the trial court clerk to assign cause numbers to these two severed cases, separately. It does not appear from the record, however, that the trial court clerk ever assigned a "separate cause number" to either Plaintiffs' severed case or Intervenors' severed case.[4] *See generally* TEX. R. CIV. P. 23 (duty of clerk to assign cause number).

On January 7, 2014, Plaintiffs filed their notice of appeal challenging the trial court's November 5, 2013 order granting appellees' "No Evidence Motions For Partial Summary Judgment as to Plaintiffs." Listed on Plaintiffs' notice of appeal was the original trial court cause no. 392,247-404.

On January 13, 2014, Intervenors filed their notice of appeal challenging the trial court's November 5, 2013 order granting appellees' "No Evidence Motions For Partial Summary Judgment as to Intervenors." Also listed on Intervenors' notice of appeal was the original trial court cause no. 392,247-404.

Thus, in January 2014, the Clerk of this Court received two notices of appeal containing the same trial court cause number. This resulted in both Plaintiffs' severed case and Intervenors' severed case being docketed under the same appellate cause number, 01-14-00027-CV, despite the fact that Plaintiffs and Intervenors appealed from two separate orders in two separately severed cases. *See* TEX. R. APP. P. 12.2(c) ("All notices of appeal filed in the same case must be given the same docket number.").

Subsequently, on January 29, 2014, the trial court signed a "Second Amended Order of Severance," in trial court cause number 392,247-404, in which the trial court states:

> On this day, the Court considered severance of the Order granting partial summary judgment as to the 263 Plaintiffs and 50 Intervenors, the subject of the No Evidence Motions for Partial Summary Judgment. After considering the merits of severance, and argument of counsel, this Court is of the opinion that severance is proper and should be granted.
>
> It is therefore, ORDERED that the parties and all issues raised by the No Evidence Motions for Partial Summary Judgment, and Order granting same, be and are hereby severed regarding the 263 Plaintiffs and 50 Intervenors listed below.

---

[4]  Although it is better practice for the trial court to assign a new cause number in its severance order, an order granting severance is effective when signed. *McRoberts v. Ryals*, 863 S.W.2d 450, 452–53 (Tex. 1993). Thus, the two severance orders signed by the trial court on December 18, 2013 were effective and created two separate severed actions (one for Plaintiffs and one for Intervenors), even without the trial court clerk's creation of separate severed case files with different cause numbers. *Id.* at 452–53 & nn.3–4; *see also Zurovec v. Miller*, No. 04-96-00470-CV, 1196 WL 425993, at *1 (Tex. App.—San Antonio July 31, 1996, no writ) (severance effective on date order was signed because, although order contained provision for assignment of new cause number, order in no way conditioned effectiveness of severance on that assignment).

. . .

It is ORDERED that the clerk of the court assign a separate cause number of next available sub number to the severed action, and the clerk of the court is directed to make non-certified copies of: (1) the docket sheet; (2) a copy of this Order; and (3) the documents listed on Exhibit A and include them in the file of the severed case, and to move the documents listed on Exhibit B to the new severed case file.

A reading of this amended severance order indicates that the trial court now intends to create only one severed case, one for both Plaintiffs' claims and Intervenors' claims. However, the trial court never withdrew or vacated its December 18, 2013 "Order[s] of Severance," which previously severed Plaintiffs and Intervenors cases separately.

In its amended order of severance, the trial court instructed the trial court clerk to assign "a separate cause number of next available sub number to the severed action," with which the clerk appears to have complied. This severed action, which includes both Plaintiffs' claims and Intervenors' claims together in a single severed case, was assigned trial court cause number 392,247-414.

On February 11, 2014, Plaintiffs filed a second notice of appeal again challenging the trial court's November 5, 2013 order granting appellees' "No Evidence Motions For Partial Summary Judgment as to Plaintiffs." This notice, however, was filed in the newly-severed case, trial court cause number 392,247-414.

On February 12, 2014, Intervenors also filed a second notice of appeal again challenging the trial court's November 5, 2013 order granting appellees' "No Evidence Motions For Partial Summary Judgment as to Intervenors." Similarly, Intervenors' notice was filed in the newly-severed case, trial court cause number 392,247-414.

Because both Plaintiffs' and Intervenors' second notices of appeal were filed under trial court cause number 392,247-414, they were assigned a new appellate cause number, 01-14-00138-CV, by the Clerk of this Court. *Cf.* TEX. R. APP. P. 12.1, 12.2(b), (c).

Thus, there are now two appeals pending before this Court, both of which include a notice of appeal challenging each of the trial court's November 5, 2013 partial summary judgment orders. It is not readily apparent to the Court, however, whether the trial court intended to create two separate severed cases, one for Plaintiffs' claims and one for Intervenors' claims, pursuant to its December 18, 2013 "Order[s] of Severance," or whether the trial court intended to include Plaintiffs' claims and Intervenors' claims in the same severed action, pursuant to its January 29, 2014 "Second Amended Order of Severance."

We therefore abate both appeals and remand for the trial court to immediately conduct a hearing. The trial court is directed to:

(1) determine whether it is appropriate for Plaintiffs and Intervenors to proceed in two separate severed cases, one for Plaintiffs' claims and one for Intervenors' claims;

(2) if the court determines that two separate severed cases are appropriate:
   a. order the trial court clerk to assign trial court cause number 392,274-414 to Plaintiffs' severed action and order the trial court clerk to assign a separate and distinct cause number to Intervenors' severed action;

b. determine which documents should be filed in each of the severed cases and direct the trial court clerk to compile the documents accordingly in each severed case file; and

c. withdraw or vacate the "Second Amended Order of Severance" and any other severance order which conflicts with the December 18, 2013 "Order[s] of Severance";

(3) if the court determines that two separate severed cases, one for Plaintiffs and one for Intervenors, are not appropriate:

a. withdraw or vacate the two December 18, 2013 "Order[s] of Severance" and any other severance order which conflicts with the January 29, 2014 "Second Amended Order of Severance";

b. determine which documents should be filed in the severed case, cause number 392,274-414, and direct the trial court clerk to compile the documents accordingly in the severed case file;

(4) make any other findings and recommendations the trial court deems appropriate; and

(5) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order. The reporter's record, supplemental clerk's record, and certified video recording, if any, shall reflect that they are being filed in both appellate cause numbers, 01-14-00027-CV and 01-14-00138-CV.

These appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when a supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ <u>Evelyn V. Keyes</u>
        ☒ Acting individually     ☐ Acting for the Court

Date: April 8, 2014