ACCEPTED
03-15-00017-CV
4295677
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/26/2015 12:11:11 PM
JEFFREY D. KYLE
CLERK

CASE NO. 03-15-00017-CV

IN THE THIRD COURT OF APPEALS

AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/26/2015 12:11:11 PM
JEFFREY D. KYLE
Clerk

**Rose Ena Cantu, Appellant**
**v.**
**Southern Insurance Company and Steve Dollery, Appellees**

On Appeal from the 21st Judicial District Court
Bastrop County, Texas
Hon. Carson Campbell

**Appellees' Reply to Appellant's Response to Motion to Award Costs**

TO THE HONORABLE COURT OF APPEALS:

1.      In response to the motion to dismiss this appeal and award costs of Appellees Southern and Dollery (collectively, "Southern"), Appellant Cantu has filed an "unopposed" motion to dismiss the appeal and a response to the motion for costs.  While Southern agrees that the appeal should be dismissed,[1] Southern asks the Court to award its costs for having to respond to Cantu's groundless appeal and for her failure to verify the jurisdictional basis of her appeal both before filing her notice and after the defect was brought to her attention.

---

[1] As discussed *infra*, Southern disagrees with Cantu's assertion that the severance she has requested in the Bastrop trial court will render the December 10, 2014 order appealable.

2.     Cantu's Response ignores the facts that Southern alerted her to the jurisdictional defects in her appeal, asked her, in writing, to voluntarily dismiss the appeal on two separate occasions, and waited more than two weeks with no response before filling its motion. *See* Appellees' Motion, Ex. C.   Cantu also willfully ignored trial court rulings and the procedural posture of this suit when she filed her appeal.   Cantu suggests that she was confused about whether her claims had been severed from those of other plaintiffs before the suit was transferred from Dallas to Bastrop and assigned Cause No. 29,358, and that this confusion caused her to overlook Southern's counterclaim electronically filed in Cause No. 29,358 on November 17, 2014.   *See* Appellant's Response ¶¶ 2-3.[2]   But the interlocutory dismissal order Cantu has attempted to appeal is from that same cause number. She received Southern's motion, notice of hearing, and reply and filed her own response to Southern's motion to dismiss in that cause number. The Dallas trial court also instructed Cantu that her claims would need to go forward in the case transferred to Bastrop.   As the misstatements in her Response highlight, Cantu

---

[2] Cantu's assertion that her claims were severed and re-docketed while this case was pending in Dallas is not true. *See* Appellant's Response ¶ 2.   Because Ms. Cantu did not pay the filing fee as ordered by the Dallas trial court, the severance was never effected and Cantu's claims were transferred to Bastrop with the rest of the case. *See* Appellant's Response, Ex. C (Dallas court order of severance); *see also McRoberts v. Ryals,* 863 S.W.2d 450, 453 n.3 (Tex.1993) (court can condition "the effectiveness of the severance on a future certain event, such as . . . payment of fees associated with the severance"). Accordingly, the Dallas court abated and administratively closed the new cause number when Cantu later paid the filing fee. *See* Exhibit "1," Order in Cause No. DC-14-10431, attached hereto.   Southern filed its counterclaim in Bastrop Cause No. 29,358 on November 17, 2014 – the same day the Dallas court told Cantu that her claims would need to go forward in Bastrop in the transferred case.

chose to believe her own narrative of the case rather than confirm the procedural status of the suit and jurisdictional basis for her appeal – even after Southern brought these issues to her attention.

3. Although Cantu does not request that the Court abate her appeal, her arguments that the appeal was only slightly premature and that the severance she has requested in the Bastrop trial court will make the interlocutory December 10, 2014 order appealable are incorrect. *See* Appellant's Response and Appellant's Motion to Dismiss. ¶¶ 3-6. Southern still has pending counterclaims against Cantu and opposes severance of just her affirmative claims; the trial court is unlikely to sever Cantu's dismissed causes of action without also severing Southern's counterclaims pertaining to those causes of action. An order of severance will not create a final judgment out of the interlocutory December 10, 2014 order.

4. Despite her professed desire to avoid "unnecessary disputes" and this "unnecessary, delaying, and cost-generating controversy" regarding her appeal, Cantu's own conduct created the dispute and made Southern's motions necessary. Cantu did not timely respond to Southern's requests that she voluntarily dismiss this appeal. Her failure to respond has caused Southern and this Court to incur needless expense, which could have been easily avoided if Cantu had made the least effort either before or after filing her notice of appeal to confirm the jurisdictional basis for the appeal. Only after Southern again expended

unnecessary time and money – and with the threat of sanctions over her head – did Cantu bother to review her filings. Southern asks that the Court award it the modest fees requested for the inconvenience and expense caused by Cantu's intransigence and failure to follow minimum procedural standards.

WHEREFORE, PREMISES CONSIDERED, Appellees Southern Insurance Company and Steve Dollery respectfully pray that the Court dismiss Appellant Rose Ena Cantu's appeal, award Appellees their costs for responding to this frivolous appeal, and for such other and further relief to which Appellees may show themselves justly entitled.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205


By: */s/ Eric S. Peabody*
    Catherine L. Hanna
    State Bar No. 08918280
    channa@hannaplaut.com
    Eric S. Peabody
    State Bar No. 00789539
    epeabody@hannaplaut.com
    Laura D. Tubbs
    State Bar No. 24052792
    ltubbs@hannaplaut.com

**COUNSEL FOR APPELLEES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellees' Reply to Appellant's Response to Motion to Award Costs has been forwarded by e-service and/or facsimile on the 26th day of February, 2015 to:

***Via Facsimile: (713) 467-8883***
Robert L. Collins
M. Chad Gerke
Audrey Guthrie
P.O. Box 7726
Houston, Texas 77270-7726

***Via Facsimile: (713) 467-8883***
Christopher D. Lewis
1721 West T.C. Jester Blvd.
Houston, Texas 77008

*Counsel for Appellant*

*/s/ Eric S. Peabody*
Eric S. Peabody

# Exhibit 1

ROSE CANTU
vs. TEXAS SOUTHERN INSURANCE COMPANY
et al

In the District Court
of Dallas County, Texas
193rd Judicial District

## ORDER TO ABATE AND TO CLERK
## TO ADMINISTRATIVELY CLOSE CASE

ON THIS DAY, this Court hereby considers and **GRANTS** a Plea in Abatement requested by a Party to this cause. This cause is hereby ABATED until further Order of the Court.

IT IS, THEREFORE, **ORDERED, ADJUDGED** AND **DECREED** by the Court that, while retaining jurisdiction over the case, the clerk of the Court shall close this file and remove it from the active docket of pending cases assigned to this Court until further Order of the Court.

SO **ORDERED** this 11/17/2014

The Honorable Carl Ginsberg
193rd Judicial District Court

**EXHIBIT**

**1**