**DISMISS and Opinion Filed August 15, 2016**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00688-CV

**JAMES LEE D/B/A FREE CHECK CASHING, Appellant**
**V.**
**ONE WORLD BANK, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-03608**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

Before the Court is the motion of appellant James Lee d/b/a Free Check Cashing for an extension of time to file a notice of appeal. Lee appeals from an interlocutory summary judgment rendered final by a severance order.

Lee filed a lawsuit alleging claims against Marvin Poer and Company, BBVA Compass Bank, One World Bank, and Carlito Tartt. Appellee One World Bank filed a motion for partial summary judgment requesting a take nothing judgment on Lee's claims against it, an award of damages pursuant to its counterclaims, and a severance. On January 24, 2016, the trial court signed two orders. In one order, the trial court granted the motion for partial summary judgment and, in the other order, the trial court granted a severance. On March 3, 2016, on One World Bank's motion, the trial court found the severance order contained a clerical error and signed an

order correcting the error. The trial court clerk assigned a new cause number to the severed cause on March 28, 2016.

In his motion, Lee first argues that, if March 28th, the date a new cause number was assigned to the severed cause, is the operative date, his notice of appeal filed on June 13, 2016 is timely as it was filed within ninety days of March 28th. On the other hand, Lee contends that, if March 3rd, the date the trial court signed the order correcting the clerical error in the severance order is the operative date, his notice of appeal was filed within fifteen days of the deadline and he seeks an extension.

There are two problems with Lee's contentions. First, neither of his suggested dates is correct. An order granting a severance is effective when signed, regardless of whether the district clerk creates a separate physical file with a different cause number. *See McRoberts v. Ryals,* 863 S.W.2d 450, 452–53 (Tex. 1993); *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 680 (Tex. App.—Dallas 2000, no pet.). An exception exists if the severance order expressly contemplates some future action needed before the severed judgment will be final. *See Diversified Financial Systems, Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795 (Tex. 2001) (per curiam). The severance order in this case did not expressly contemplate any future action before the interlocutory summary judgment would become final. Thus, the operative date triggering the appellate deadlines was January 24, 2016, the date the severance order was signed. Moreover, because the trial court's March 3, 2016 order corrected a clerical error, it had no impact on the date from which appellate timetables began running. *See Daniels v. Comm'n for Lawyer Discipline,* 142 S.W .3d 565, 573 (Tex. App.—Texarkana 2006, no pet.) (nunc pro tunc judgment relates back to date of original judgment and is effective as of earlier date).

The second problem with Lee's contentions is that he mistakenly assumes he had ninety days from the operative date to file a notice of appeal. Without a timely filed post-judgment motion extending the appellate deadlines, a notice of appeal is due thirty days after the date the judgment is signed or forty-five days with a timely motion for extension of time. *See* TEX. R. APP. P. 26.1, 26.3. Lee does not state in his motion the basis for his contention that he had ninety days to file a notice of appeal. The only post-judgment motion in the record is the motion for rehearing filed by Lee on March 2, 2016 seeking to modify the summary judgment. This motion, however, was not timely as it was filed more than thirty days after the date the severance order was signed. *See* TEX. R. CIV. P. 329b(a).

Because the severance order signed on January 24, 2016 rendered the interlocutory summary judgment final and no party filed a timely post-judgment motion extending the appellate deadlines, the notice of appeal was due on February 23, 2016 or March 9, 2016 with a timely filed extension motion. *See* TEX. R. APP. P. 26.1, 26.3. The notice of appeal filed on June 13, 2016 is untimely. Absent a timely notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b). Accordingly, we deny Lee's motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

160688F.P05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES LEE D/B/A FREE CHECK
CASHING, Appellant

No. 05-16-00688-CV          V.

ONE WORLD BANK, Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-03608.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee ONE WORLD BANK recover its costs of this appeal from appellant JAMES LEE D/B/A FREE CHECK CASHING.

Judgment entered August 15, 2016.