**Order entered April 11, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-22-00098-CV

### AL M. WILLIAMS, Appellant

### V.

### ECOM/WILLMAX BELLAGIO, L.P. D/B/A LADERA, Appellee

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-17458**

## ORDER

Before the Court is appellant's April 7, 2022 "Emergency Motion to Withdraw or Hold Appeal in Abeyance." Appellant asserts in his motion that the trial court has not yet rendered a final judgment. In his seventh amended petition, appellant asserted claims against appellee Ecom/Willmax Bellagio, L.P. d/b/a Ladera and WHW Transport, Inc. d/b/a CWS Recovery. The record before this Court reflects the trial court has rendered a final judgment with respect to appellant's claims against appellee.

On November 9, 2021, the trial court signed a judgment granting appellee's motion to dismiss and dismissed all of appellant's claims against appellee with prejudice. On November 11, appellant filed a motion to set aside the judgment of dismissal. Appellee then filed a motion for severance which the trial court granted by order signed on December 13, 2021. Appellant filed his notice of appeal on December 20.

The trial court's interlocutory dismissal order signed on November 9 became a final judgment on December 13, the date of the severance order. *See McRoberts v. Ryals,* 863 S.W.2d 450, 453 (Tex. 1993) (order granting severance is effective when signed). Appellant filed a timely notice of appeal on December 20. Although appellant stated in the notice of appeal that he was appealing the trial court's order denying his motion to set aside the dismissal order, the Court construes his notice of appeal as challenging the dismissal order as that is the appealable order. Accordingly, we **DENY** appellant's motion. Appellant's brief on the merits remains due on or before **May 4, 2022**.

/s/     KEN MOLBERG
           JUSTICE