Jane DOE I, Individually and as Next Friend of Jane Doe 2, a Minor Child, Appellant,

v.

PILGRIM REST BAPTIST CHURCH, Appellee.

No. 05–06–00197–CV.

Court of Appeals of Texas, Dallas.

May 19, 2006.

Rehearing Overruled June 22, 2006.

John C. Sherwood, Ann H. Washburn, Law Offices of John C. Sherwood, Dallas, for Appellant.

Stan Tillman, Sharpe Reynolds & Tillman, Fort Worth, for Appellee.

Before Chief Justice THOMAS and Justices MORRIS and WHITTINGTON.

## OPINION

Opinion by Chief Justice THOMAS.

In this appeal of a summary judgment, we must decide whether Jane Doe I timely perfected her appeal. Because we conclude she did not, we dismiss the appeal.

Appellant sued Pilgrim Rest Baptist Church (the Church), The Bethlehem Foundation, and Xavier Monte Williams, alleging her minor daughter was sexually assaulted by Williams. The Church was the owner of the premises where the assault allegedly occurred. On July 29,

2005, the trial court granted the Church's motion for summary judgment and dismissed all of appellant's claims against it. The order, however, was interlocutory because it did not dispose of all parties and claims. So that it could obtain a final appealable order, the Church filed a motion to sever. On October 6, 2005, the trial court granted the motion with the following language:

> IT IS, THEREFORE, ORDERED that all claims against Defendant Pilgrim Rest Baptist Church are severed from this cause into cause number *to be assigned* styled *Jane Doe 1, Individually, and as Next Friend of Jane Doe 2, A Minor Child vs. Pilgrim Rest Baptist Church* on the docket of this Court **upon compliance with the District Clerk's procedure.** This order of severance now makes the order granting the motion for summary judgment final, disposing of all parties and claims severed so that it is appealable from the date of this order.

The bold portion of the order was handwritten. Some 131 days after the signing of the severance order, or February 14, 2006, appellant filed her notice of appeal.

▆▆▆ As a rule, severance of an interlocutory judgment into a separate action makes it final, unless the order of severance indicates further proceedings are to be had in the severed action. *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex.2001) (per curiam) (severed action remained interlocutory where severance order stated action "would proceed to final judgment or other disposition"); *Tanner v. Karnavas*, 86 S.W.3d 737, 743 (Tex.App.-Dallas 2002, pet. denied). The appellate timetable runs from the signing date of

whatever order makes the judgment final and appealable. *Tanner*, 86 S.W.3d at 743. An order granting a severance is effective when signed, regardless of whether the district clerk creates a separate physical file with a different cause number. *McRoberts v. Ryals*, 863 S.W.2d 450, 452–53 (Tex.1993); *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 680 (Tex. App.-Dallas 2000, no pet.).

Because it appeared the summary judgment was made final by the severance order, and appellant had not filed her notice of appeal within ninety days,[1] this Court notified her by letter that it had questions concerning the timeliness of the notice of appeal. The Court requested appellant file a brief explaining how we have jurisdiction over this appeal.

In her jurisdictional brief, appellant argues that a trial court has the power to condition the effectiveness of a severance order and did so in this case. Specifically, she points to language in the order which she contends provided that the claims were severed "upon compliance with the District Clerk's procedures." Thus, she argues, the summary judgment did not become a final appealable order until she paid a new filing fee, which she did on February 6, 2005, and claims this is the date from which the appellate timetable runs. As support for her argument, appellant relies solely on *McRoberts*. Appellee filed a response, agreeing with appellant. After considering the applicable law and the parties' arguments, we disagree with both.

In footnote 3 of *McRoberts*, the supreme court stated that a trial court could condition the effectiveness of a severance on a "future certain event," such as the clerk's

---

1. On August 26, 2005, before the severance order was signed, appellant filed a motion for new trial. Although the motion was filed prior to a final judgment, we give it effect as if it had been filed after the order was signed. *See* TEX.R.APP. P. 27.2.

assigning a cause number and payment of fees associated with the severance by the party requesting it. *McRoberts,* 863 S.W.2d at 453 fn. 3. Here, however, the order did not condition the severance. To the contrary, the express language of the order decreed that "all claims against Defendant Pilgrim Rest Baptist Church *are severed* . . . ." (Emphasis added.) This is language of present intent; it does not condition the severance on the happening of any future event. This sentence is followed by language that further evinces the trial court's present intent to sever: "This order of severance now makes the order granting the motion for summary judgment final, disposing of all parties and claims severed so that it is appealable from the date of this order." To the extent anything is conditioned on a future event, it is the cause number "to be assigned" and the restyling of the case upon compliance with the district clerk's procedures.

We conclude the summary judgment in this case was made final by the October 6, 2005 order granting the severance. Appellant's notice of appeal was due no later than January 4, 2006 but was not filed for another forty-one days, or February 14. Because the notice of appeal was not timely, it did not invoke our jurisdiction.

We dismiss the appeal for want of jurisdiction.