COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-06-219-CV 

       2-06-220-CV

IN THE INTEREST OF R.H. AND J.H.

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

Larry and Wanda H., intervenors below, filed these accelerated appeals of two parental termination orders denying the relief requested in their petition in intervention.  We dismiss the appeals for want of jurisdiction.

The trial court signed the termination orders in cause nos. 2-06-219-CV and 2-06-220-CV on February 2, 2006 and February 10, 2006, respectively.  Therefore, appellants’ notices of appeal (NOAs) were due February 22, 2006 and March 2, 2006, respectively.
(footnote: 2)  Appellants did not, however, file their NOAs until June 20, 2006.

On June 27, 2006, we notified appellants by letter of our concern that we lacked jurisdiction over the appeals because their NOAs were untimely and that their appeals would be dismissed, unless they filed a response showing grounds for continuing the appeal.
(footnote: 3)  In their response, appellants allege that, despite repeated inquiries, the Parker County District Clerk’s Office did not notify them that the termination orders had been signed until February 22, 2006, the last day for filing their NOA in cause no. 2-06-219-CV.  Appellants further assert that they intend to challenge the accelerated appeal provisions in the family code as unconstitutional on their face and as applied to appellants.

An appeal from an order terminating parental rights is accelerated.
(footnote: 4)  In an accelerated appeal, the NOA must be filed within twenty days after the judgment or order is signed.
(footnote: 5)  The appellate court may extend the time to file the NOA if, within fifteen days after the deadline for filing the NOA, the party 1) files the NOA in the trial court and 2) files in the appellate court a motion for extension of time that complies with the appellate rules.
(footnote: 6)  

Appellants received notice of both termination orders on or before the deadlines for filing their NOAs.  In cause no. 2-06-219-CV, they received notice of the order on the twentieth day after the order was signed.  In cause no. 2-06-220-CV, they received notice of the order ten days after the order was signed.  Upon receiving notice of the orders, appellants had ample time to either file their NOAs or to request an extension of time to file the NOAs.  Appellants, however, did neither.  Thus, contrary to their assertion in their joint response to our jurisdiction inquiry letter, the accelerated appeal provisions of the family code have not prevented appellants from exercising their right to appeal the termination orders.  Consequently, appellants have no standing to complain that the accelerated appeal provisions of the family code are unconstitutional on their face or as applied.
(footnote: 7) 

Because appellants’ notices of appeal are untimely, we lack jurisdiction over their appeals.
(footnote: 8)  Accordingly, we dismiss the appeals for want of jurisdiction. 

PER CURIAM

PANEL M:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED:  November 16, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 26.1(b) (providing that a notice of appeal in an accelerated case must be filed within twenty days after the order is signed).

3:
See
 
Tex. R. App. P.
 25.1(a)–(b), 26.1(b), 42.3.

4:
See
 
Tex. Fam. Code Ann.
 § 263.405(a) (Vernon Supp. 2006) (providing that an appeal from an order terminating parental rights is accelerated).

5:
See
 
Tex. R. App. P.
 26.1(b).

6:
Tex. R. App. P.
 26.3; 
see In re K.A.F.,
 160 S.W.3d 923, 926-27 (Tex.) (stating that rule 26.3 applies to accelerated appeals), 
cert. denied sub nom., Carroll v. Faucheux,
 126 S. Ct. 483 (2005).

7:
See Nootsie, Ltd. v. Williamson County Appraisal Dist.,
 925 S.W.2d 659, 661 (Tex. 1996) (holding that, to have standing, a plaintiff must be personally aggrieved); 
Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
 852 S.W.2d 440, 446 (Tex. 1993) (stating that the test for standing requires that there “(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought”)
.  
Appellants do not challenge the constitutionality of rule 26.3.

8:
See Butts v. Capitol City Nursing Home, Inc.,
 705 S.W.2d 696, 697 (Tex. 1986); 
Doe I v. Pilgrim Rest Baptist Church,
 193 S.W.3d 727, 729 (Tex. App.—Dallas 2006, pet. filed); 
Weik v. Second Baptist Church of Houston,
 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).