COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-06-219-CV 

       2-06-220-CV

 

 

IN
THE INTEREST OF R.H. AND J.H.

 

                                              ------------

 

            FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                   MEMORANDUM
OPINION[1]

 

Larry and Wanda H.,
intervenors below, filed these accelerated appeals of two parental termination
orders denying the relief requested in their petition in intervention.  We dismiss the appeals for want of jurisdiction.








The trial court signed the
termination orders in cause nos. 2-06-219-CV and 2-06-220-CV on February 2,
2006 and February 10, 2006, respectively. 
Therefore, appellants= notices of appeal (NOAs) were due February 22, 2006 and March 2,
2006, respectively.[2]  Appellants did not, however, file their NOAs
until June 20, 2006.

On June 27, 2006, we notified
appellants by letter of our concern that we lacked jurisdiction over the
appeals because their NOAs were untimely and that their appeals would be
dismissed, unless they filed a response showing grounds for continuing the appeal.[3]  In their response, appellants allege that,
despite repeated inquiries, the Parker County District Clerk=s Office did not notify them that the termination orders had been
signed until February 22, 2006, the last day for filing their NOA in cause no.
2-06-219-CV.  Appellants further assert
that they intend to challenge the accelerated appeal provisions in the family
code as unconstitutional on their face and as applied to appellants.








An appeal from an order
terminating parental rights is accelerated.[4]  In an accelerated appeal, the NOA must be
filed within twenty days after the judgment or order is signed.[5]  The appellate court may extend the time to
file the NOA if, within fifteen days after the deadline for filing the NOA, the
party 1) files the NOA in the trial court and 2) files in the appellate court a
motion for extension of time that complies with the appellate rules.[6]  

Appellants received notice of
both termination orders on or before the deadlines for filing their NOAs.  In cause no. 2-06-219-CV, they received
notice of the order on the twentieth day after the order was signed.  In cause no. 2-06-220-CV, they received
notice of the order ten days after the order was signed.  Upon receiving notice of the orders, appellants
had ample time to either file their NOAs or to request an extension of time to
file the NOAs.  Appellants, however, did
neither.  Thus, contrary to their
assertion in their joint response to our jurisdiction inquiry letter, the
accelerated appeal provisions of the family code have not prevented appellants
from exercising their right to appeal the termination orders.  Consequently, appellants have no standing to
complain that the accelerated appeal provisions of the family code are
unconstitutional on their face or as applied.[7]









Because appellants= notices of appeal are untimely, we lack jurisdiction over their
appeals.[8]  Accordingly, we dismiss the appeals for want
of jurisdiction.      

PER CURIAM

PANEL M: 
CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED:  November 16, 2006











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 26.1(b) (providing that
a notice of appeal in an accelerated case must be filed within twenty days
after the order is signed).





[3]See Tex. R. App. P. 25.1(a)B(b),
26.1(b), 42.3.





[4]See Tex. Fam. Code Ann. '
263.405(a) (Vernon Supp. 2006) (providing that an appeal from an order
terminating parental rights is accelerated).





[5]See Tex. R. App. P. 26.1(b).





[6]Tex. R. App. P. 26.3; see In re K.A.F.,
160 S.W.3d 923, 926-27 (Tex.) (stating that rule 26.3 applies to accelerated
appeals), cert. denied sub nom., Carroll v. Faucheux, 126 S. Ct. 483
(2005).





[7]See
Nootsie, Ltd. v. Williamson County Appraisal Dist., 925
S.W.2d 659, 661 (Tex. 1996) (holding that, to have standing, a plaintiff must
be personally aggrieved); Tex. Ass=n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 446 (Tex. 1993) (stating that the test for standing
requires that there A(a)
shall be a real controversy between the parties, which (b) will be actually
determined by the judicial declaration sought@).  Appellants do not challenge the
constitutionality of rule 26.3.





[8]See
Butts v. Capitol City Nursing Home, Inc., 705 S.W.2d 696, 697
(Tex. 1986); Doe I v. Pilgrim Rest Baptist Church, 193 S.W.3d 727, 729
(Tex. App.CDallas
2006, pet. filed); Weik v. Second Baptist Church of Houston, 988 S.W.2d
437, 439 (Tex. App.CHouston
[1st Dist.] 1999, pet. denied).