**Jane DOE 1, Individually and as Next Friend of Jane Doe 2, A Minor Child, Petitioner,**

v.

**PILGRIM REST BAPTIST CHURCH, Respondent.**

No. 06–0686.

Supreme Court of Texas.

March 9, 2007.

John C. Sherwood, Ann H. Washburn, Law Offices of John C. Sherwood, Dallas, Tony Diaz, Austin, and Mark Anthony Mosley, Plano, for Petitioner.

Samuel Stan Tillman, Sharpe Tillman & Melton, Fort Worth, for Respondent.

Charles W. McGarry, Law Offices of Charles McGarry, Denise Lasalle Campbell, Dallas, for Other.

PER CURIAM.

 Petitioner Jane Doe 1, individually and as the next friend of minor child Jane Doe 2, sued Pilgrim Rest Baptist Church and two other defendants. The trial court granted summary judgment for the Church, and petitioner timely filed a motion for new trial. To make the judgment final and appealable, the trial court later ordered

> that all claims against [the Church] are severed from this cause into cause number *to be assigned* [and restyled] on the docket of this Court *upon compliance with the District Clerk's procedure.*

The italicized portions were handwritten. The parties agree that the procedure required payment of a filing fee. Doe paid the fee 123 days after the order was signed and filed her notice of appeal a week later. The court of appeals dismissed the appeal for want of jurisdiction because the notice of appeal was filed more than ninety days after the severance order was signed. 193 S.W.3d 727, 729 (Tex.App.-Dallas 2006); *see* Tex.R.App. P. 26.1(a) ("[T]he notice of appeal must be filed within 90 days after the judgment is signed if any party timely files: (1) a motion for new trial....").

"As a rule, the severance of an interlocutory judgment into a separate cause makes it final." *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) (per curiam) (citing *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam)). A court can, however, "condition[ ] the effectiveness of the severance on a future certain event, such as ... payment of fees associated with the severance by the party requesting it." *McRo-*

*berts v. Ryals*, 863 S.W.2d 450, 453 n. 3 (Tex.1993); *see also Diversified*, 63 S.W.3d at 795. This practice, though permitted, should be avoided because of the potential for confusion, as this case illustrates. The court of appeals construed the handwritten condition to apply only to the renumbering and restyling of the severed case, not to the severance itself, 193 S.W.3d at 729, but we see no reason why the trial court would merely condition further clerical action, and not the severance itself, on compliance with applicable procedures. The parties' agreement at the court of appeals that the condition applied to the severance itself does not, of course, bind the court of appeals but does reflect the parties' understanding of what the trial court was doing.

Because the appeal was timely perfected, we grant Doe's petition for review and without hearing oral argument, TEX. R. APP. P. 59.1, reverse the judgment of the court of appeals and remand the case to that court for further proceedings.