COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

CHRISTOPHER CASTRO,                                             No. 08-15-00077-CV

§

Appellant,                                      Appeal from

§

v.                                                              County Court at Law No. 3

§

THE INLAND SEA, INC.,                                          of El Paso County, Texas

§

Appellee.                                      (TC # 2014DCV3830)

§

## MEMORANDUM OPINION

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. The question before us is whether the summary judgment became final and appealable on the date the trial court signed the severance order or on the date that the trial court clerk actually created the severed case file. Finding that the severance order was not conditioned on the occurrence of future events, we dismiss the appeal for want of jurisdiction because Appellant, Christopher Castro, did not timely file his notice of appeal.

A civil appeal is perfected when the notice of appeal is timely filed. TEX.R.APP.P. 25.1, 26.1; *see Restrepo v. First National Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.--El Paso 1995, no writ). If the notice of appeal is untimely, the appellate court lacks jurisdiction and must dismiss the case. *See Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex.App.--Houston [14th Dist.] 2006, no pet.). In an ordinary civil case, the notice of appeal

must be filed within 30 days after the judgment or appealable order is signed or within 90 days if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate under TEX.R.CIV.P. 165a, or makes a request for findings of fact and conclusions of law. Tex.R.App.P. 26.1(a). The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline passes, the appellant files (1) the notice of appeal in the trial court and (2) a motion for extension of time complying with Rule 10.5(b). TEX.R.APP.P. 26.3; *see* TEX.R.APP.P. 10.5(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Castro filed suit against Appellee, The Inland Sea, Inc., and two other defendants, Rigoberto Duran and Movers Service Agency, Inc. in cause number 2009-5287, styled *Christopher Castro v. The Inland Sea, Inc., Rigoberto Duran, and Movers Service Agency, Inc.* The trial court granted Inland Sea's motion for summary judgment on April 2, 2014, but it was not a final judgment because it did not dispose of Castro's claims against the other defendants. *See Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001). On November 6, 2014, the trial court entered an order granting Castro's motion to sever his claims against Inland Sea. The order provided, in pertinent part, that:

> After considering Defendant's Motion for Severance, the response, the pleadings and argument of counsel, the Court GRANTS the motion to sever, severs Plaintiff CHRISTOPHER CASTRO'S claims against THE INLAND SEA, INC., and orders the Clerk of the Court to assign the severed action the separate cause number of 2009-5287-B, copy the following documents, and include them in that file . . . .

For reasons not reflected in the record before us, the trial court clerk did not create the new case until December 3, 2014 and the clerk assigned cause number 2014DCV3830 to the severed case. Castro timely filed a motion for new trial on December 4, 2014. Thus, his notice of appeal was due to be filed on February 4, 2015. Castro did not file notice of appeal until February 27, 2015, more than fifteen days after the due date.

The Clerk of the Court sent Castro notice of the Court's intent to dismiss for want of jurisdiction. Castro filed a response asserting that the appellate timetable did not begin running on November 6, 2014 when the trial court signed the severance order because the severance is conditioned on the trial court clerk's creation of the new case number and the filing of the designated documents into that new case. The severance of an interlocutory judgment into a separate cause generally makes it final and appealable. *Doe v. Pilgrim Rest Baptist Church*, 218 S.W.3d 81 (Tex. 2007). Typically, a severance order is effective when it is signed, regardless of whether the district clerk creates a separate physical file with a different cause number. *McRoberts v. Ryals*, 863 S.W.2d 450, 452-53 (Tex. 1993). An exception occurs, however, where the severance order conditions the effectiveness of the severance on a future event, such as the payment of fees associated with the severance by the party requesting it. *Pilgrim Rest Baptist Church*, 218 S.W.3d at 82; *McRoberts*, 863 S.W.2d at 453 n.3. In such a case, the severance order would not be effective until the condition is satisfied and the appellate timetable would not begin to run on the date the order is signed.

In *Pilgrim Rest Baptist Church*, the severance order provided that the claims were severed "upon compliance with the District Clerk's procedure" and the parties agreed that the clerk's procedure required payment of a filing fee. *Pilgrim Rest Baptist Church*, 218 S.W.3d at 82. The Supreme Court concluded that the severance order made the severance conditional upon the payment of the filing fee. *Id.* Consequently, the severance order did not become effective until the filing fee had been paid. *Id.*

In our case, the order severs Castro's claims against Inland Sea, and orders the clerk to assign it cause number 2009-5287-B and to copy certain documents and include them in the file.

In contrast with the severance order in *Pilgrim Rest*, the trial court's order does not include any language making the severance order conditional on the occurrence of any other actions or events. We conclude that the severance order was effective on the date it was signed.

Castro also argues that the summary judgment is not final and appealable because it does not state that it disposes of all of his claims against Inland Sea. This argument is contradicted by his motion for new trial which stated that the April 2, 2014 order granting summary judgment in favor of Inland Sea was "made final and appealable by way of the order of severance signed November 6, 2014 . . . ." Further, his notice of appeal stated that the summary judgment became final and appealable "when the severed action was created on December 3, 2014." Castro acknowledges the rule that an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party, but he does not identify any claim against Inland Sea which remains pending.

We conclude that the appellate timetable began running on November 6, 2014 when the trial court signed the severance order and the notice of appeal was due to be filed on February 4, 2015. Because Castro did not file his notice of appeal until February 27, 2015, more than fifteen days after the due date, he failed to perfect his appeal. The appeal is hereby dismissed for lack of jurisdiction.

May 15, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating

- 4 -