

# Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00466-CV

Felix **LUERA**, Jr. and Bianca Luera,
Appellants

v.

**BASIC ENERGY SERVICES, INC.**, Basic Energy Services, L.P., ARI Fleet
Services, Inc. D/B/A ARI Fleet LT and Servando Garcia,
Appellees

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 13-06-52391-CV
Honorable Richard C. Terrell, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
           Marialyn Barnard, Justice
           Rebeca C. Martinez, Justice

Delivered and Filed:  November 18, 2015

DISMISSED FOR LACK OF JURISDICTION

On July 14, 2015, Appellants Felix Luera, Jr. and Bianca Luera filed a notice of appeal in

Trial Court Cause No. 13-06-52391-CV, styled *Felix Luera, Jr. and Bianca Luera, Individually*

*and as Next Friend of C.L. v. Basic Energy Services, Inc., Basic Energy Services, L.P., ARI Fleet*

*Services, Inc. d/b/a ARI Fleet LT, and Servando Garcia*. Their notice of appeal states that they

intend to appeal "from the Order Granting Defendants Basic Energy Services, Inc. and Basic

Energy Services, L.P.'s Third Motion for Summary Judgment signed on November 5, 2014."[1]

Appellees Basic Energy Services, Inc. and Basic Energy Services, L.P. (collectively "Basic Energy") have filed a motion to dismiss this appeal for lack of jurisdiction, arguing that the Lueras' notice of appeal was untimely filed. Because we agree that the Lueras' notice of appeal was untimely filed, we dismiss this appeal for lack of jurisdiction.

The clerk's record reflects that on November 20, 2014, the trial court signed an order granting Basic Energy's third motion for summary judgment. The order states the following:

> After considering [Basic Energy's third motion for summary judgment], and [the Lueras'] responses thereto, and [Basic Energy's] reply and objections, and after hearing arguments of counsel, the Court is of the opinion that the motion is well-taken and should be granted. It is therefore,
>
> ORDERED, ADJUDGED and DECREED that [Basic Energy]'s Third Motion for Summary Judgment is hereby GRANTED. It is further,
>
> ORDERED, ADJUDGED and DECREED that [the Lueras'] claims against [Basic Energy] are hereby DISMISSED WITH PREJUDICE and that [the Lueras] take nothing from [Basic Energy]. It is further,
>
> ORDERED, ADJUDGED and DECREED that [the Lueras'] claims against [Basic Energy] *are hereby SEVERED from the other claims herein and given a separate cause number*.

(emphasis added). Thus, on November 20, 2014, summary judgment was granted in favor of Basic Energy, all of the Lueras' claims against it were dismissed with prejudice, and the Lueras' claims against Basic Energy were severed from the remaining claims and "given a separate cause number."

On April 7, 2015, trial proceeded on the remaining claims in the lawsuit. On July 20, 2015, the trial court signed a judgment in favor of the Lueras against Servando Garcia, the only defendant remaining in the lawsuit at the time of trial. On July 14, 2015, which was after the day of trial but

---

[1] The clerk's record reflects that the trial court's order granting the summary judgment was not signed on November 5, 2014, but was in fact signed on November 20, 2014.

before the trial judge signed the judgment, the Lueras filed a notice of appeal stating their intent to appeal the trial court's summary judgment granted in favor of Basic Energy. Basic Energy then filed in this court a motion to dismiss for lack of jurisdiction, arguing that the summary judgment was a final, appealable order in November 2014 when the trial court severed the Leuras' claims against Basic Energy from those remaining in the lawsuit. Thus, Basic Energy argues that the Leuras' notice of appeal was untimely filed and did not invoke the jurisdiction of this court.

A summary judgment that does not dispose of all issues and parties is interlocutory and may not be appealed absent statutory authority permitting an interlocutory appeal. *Espalin v. Children's Med. Ctr.*, 27 S.W.3d 675, 680 (Tex. App.—Dallas 2000, no pet.). However, a trial judge may sign an order severing a party, cause of action, or issue, thereby rendering an otherwise interlocutory summary judgment final. *Id.* Basic Energy argues that the trial court did so here in its November 20, 2014 summary judgment.

In their response to the motion to dismiss for lack of jurisdiction, the Lueras claim that no severance was effectuated because there was never a new severed cause number created. However, as pointed out by Basic Energy, an order granting severance is effective when signed, regardless of whether the district clerk creates a separate physical file with a different cause number. *Id.* (citing *McRoberts v. Ryals*, 863 S.W.2d 450, 452-53 (Tex. 1993)). Nor is a severance ineffective because a trial court fails to include a docket number in the judgment for the severed cause. *See Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 93 (Tex. App.—San Antonio 2011, no pet.) ("Accordingly, the severance was not ineffective for the trial court's failure to assign a separate docket number to the severed cause."). Thus, the trial court's severance of the Lueras' claims against Basic Energy is not rendered ineffective because a new cause number was not included by the trial court in the summary judgment or actually created by the district clerk.

The Lueras also claim the trial court's severance is ineffective because it was conditioned on a future event. In support, they cite to *Doe v. Pilgrim Rest Baptist Church*, 218 S.W.3d 81 (Tex. 2007), which concerned whether the trial court's order was a final, appealable order. In *Pilgrim Rest*, the trial court ordered

> that all claims against [the Church] are severed from this cause into cause number *to be assigned* [and restyled] on the docket of this Court *upon compliance with the District Clerk's procedure*.

*Id.* at 82 (emphasis in original). The Texas Supreme Court recognized that a trial court can "condition[] the effectiveness of the severance on a future certain event, such as . . . payment of fees associated with the severance by the party requesting it." *Id.* (alteration in original). The supreme court emphasized that "[t]his practice, though permitted, should be avoided because of the potential for confusion, as this case illustrates." *Id.* The supreme court concluded that the trial court, by its language in the order, conditioned severance on compliance with applicable procedures. *Id.* In this case, however, there is no such language in the summary judgment conditioning severance on compliance with procedures. The trial court's summary judgment clearly states that the Lueras' claims against Basic Energy "*are* hereby SEVERED from the other claims herein *and given* a separate cause number." (emphasis added). There is simply no language in the trial court's summary judgment conditioning severance on a future event.

The Lueras further argue that because there was no new severed cause actually created, they were deprived of the opportunity to file a motion for new trial in the severed cause. In support, they cite *McRoberts v. Ryals*, 863 S.W.2d 450 (Tex. 1993). In *Ryals*, the trial court granted summary judgment and severed those claims from the remaining claims. *Id.* at 453. Despite this severance order, the district clerk did not create a new cause number for the severed claims. *Id.* Thus, because there was no new cause number created, the appellant filed a motion for new trial in the parent cause number and not the severed cause number. *Id.* at 454. On appeal, the appellee

argued that the motion for new trial filed in the parent cause did not extend appellate deadlines because a motion for new trial "must be filed in the *same cause* as the judgment the motion assails." *Id.* (emphasis in original). The Texas Supreme Court disagreed, reasoning that a party should not be punished because no new cause number had actually been created for the severed claims. *Id.* Thus, the supreme court concluded that despite having been filed in the parent cause number, the motion for new trial was effective and extended appellate deadlines, making the appellant's notice of appeal timely filed. *Id.*

Since *Ryals*, the supreme court has emphasized that "minor procedural mishaps" should be treated "with leniency, preserving the right to appeal." *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011). Thus, in this case, although no new cause number had been assigned to the severed claims against Basic Energy, the Lueras could have filed a motion for new trial in the parent cause number to extend appellate deadlines or could have simply filed their notice of appeal in the parent cause number. *See Espalin*, 27 S.W.3d at 681-82 (holding that notice of appeal was sufficient to invoke appellate jurisdiction even though it was prematurely filed and bore the parent cause number instead of the severed cause number). However, the Lueras failed to take any action to preserve their appellate rights.

In their notice of appeal, the Lueras make clear that they intend to appeal the trial court's summary judgment granted in favor of Basic Energy. However, the trial court's summary judgment of November 20, 2014 clearly ordered their claims against Basic Energy severed from the other claims. Thus, on November 20, 2014, the summary judgment became a final, appealable judgment. And, the Lueras did not file their notice of appeal until July 14, 2015. *See* TEX. R. APP. P. 26.1, 26.3. Because their notice of appeal was untimely filed, we lack jurisdiction to consider their appeal of the trial court's summary judgment granted in favor of Basic Energy. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997) ("[O]nce the period for granting a motion for

extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."). We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM