**DISMISS and Opinion Filed October 24, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00845-CV

**AZS HOLDING COMPANY LLC, Appellant**
**V.**
**MOHAMMAD-REZA KHOSH-SIRAT, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-02224-2018**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Whitehill

We questioned our jurisdiction over this appeal from the trial court's default judgment because it did not appear to have been timely filed. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal jurisdictional). As reflected in the clerk's record, the default judgment against appellant was signed May 19, 2017. However, claims against other parties remained, and the judgment did not become final and appealable until August 11, 2017, when the trial court severed the claims against appellant from the remaining claims. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) (interlocutory judgment that does not dispose of all parties or claims becomes final and appealable upon severance, dismissal, or nonsuit of unadjudicated claims and parties). Because a motion for new trial was timely filed, the notice of

appeal was due within ninety days or November 9, 2017.  *See* TEX. R. APP. P. 26.1(a).  It was filed July 23, 2018.

At our request, the parties filed jurisdictional letter briefs addressing the timeliness of the appeal.  In its brief, appellant disputes the severance order rendered the default judgment final.  Appellant relies on the following portion of the order to support its position:

> [I]t is ORDERED that Plaintiff's Motion [to Sever] is granted and Plaintiff's default judgment against AZS Holding Company LLC ("AZS") is severed from Cause No. 429-05451-2016 (the "Existing Cause") into a new cause in this court which will be docketed as Cause No. _____ (the "New Cause") and that all of the pleadings, motions, correspondence, orders, and other documents on file related to AZS, including the default judgment, in the Existing Cause be copied and incorporated in the New Cause[.]

Appellant asserts that the default judgment did not become final until the new cause number was assigned and the associated filing fee paid.  Appellant notes a cause number was assigned, and the fee paid, May 7, 2018.  Appellant further notes a motion for new trial was filed within thirty days of the new cause number being assigned, making the notice of appeal filed within ninety days from May 7th timely filed.  In response, appellee asserts that because the severance was not conditioned on any future event, the severance order rendered the default judgment final.  We agree.

As a rule, the severance of an interlocutory judgment into a separate cause makes it final, but a court can condition the effectiveness of the severance on a future certain event.  *Doe v. Pilgrim Rest Baptist Church*, 218 S.W.3d 81, 82 (Tex. 2007) (per curiam).  Whether the trial court clerk ever creates a physically separate file or assigns a new cause number does not affect the finality of an unconditional severed judgment.  *See McRoberts v. Ryals*, 863 S.W.2d 450, 453 n.3, 4 (Tex. 1993).

Here, the trial court's order did not condition the severance on the creation of a separate physical file or any other future event.  Accordingly, the severance order rendered the default judgment final and the notice of appeal, filed almost a year later, is untimely.

We dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).

/Bill Whitehill/

BILL WHITEHILL
JUSTICE

180845F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AZS HOLDING COMPANY LLC,
Appellant

No. 05-18-00845-CV      V.

MOHAMMAD-REZA KHOSH-SIRAT,
Appellee

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-02224-2018.
Opinion delivered by Justice Whitehill.
Justices Stoddart and Boatright
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** appellee Mohammad-Reza Khosh-Sirat recover his costs, if any, of this appeal from appellant AZS Holding Company LLC.

Judgment entered October 24, 2018.