# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00646-CV

**Kristine Arlitt, Appellant**

**v.**

**Robert L. Ebeling Jr., as Successor Trustee of the Nancy S. Ebeling Trust;
Jean M. Ebeling, Trustee of the Nancy S. Ebeling Trust; and Blanco E. Ranch Ltd.,
Appellees**

**FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
NO. 45310B, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this appeal from multiple orders in a severed cause number, appellees have filed a motion to dismiss the appeal for lack of jurisdiction. They contend that this Court does not have jurisdiction because appellant Kristine Arlitt filed her notice of appeal untimely. Arlitt filed a response, but it fails to demonstrate this Court's jurisdiction over this appeal. We grant appellees' motion and dismiss this appeal.[1]

---

[1] Pending before this Court are Arlitt's amended motion to correct styling of appeal, amended request for extension of time to comply, and motion to abate proceedings and forwarding of record until this Court rules on the motion to dismiss. In the motion to abate proceedings, Arlitt represents that the record will be "quite lengthy" and the "cost to be large" and requests that we abate the proceedings until this Court resolves appellees' motion to dismiss.

Because we conclude that we do not have jurisdiction over this appeal, we dismiss these pending motions as moot. Although the clerk's record has not been filed with this Court, the parties have attached documents relevant to the underlying proceeding to their filings with this Court. Arlitt

## Background

Arlitt, who was a third party defendant in the original underlying proceeding, filed a notice of appeal in the trial court on October 1, 2018, purporting to appeal from the following orders:

- order granting in part and denying in part Plaintiff's and Third Party Defendant's motion for summary judgment, signed by the trial court in April or May 2017;

- order granting counter-plaintiff Jean M. Ebeling's cross motion for partial summary judgment, signed by the trial court on May 3, 2017;

- order denying Arlitt's motion for sanctions, signed by the trial court on May 3, 2017;

- order granting Jean M. Ebeling's motion for severance, signed by the trial court on April 4, 2018;

- order granting Defendants' motion to sever disposed claims, signed by the trial court on April 4, 2018;

- order granting Defendants' motion to sever disposed claims, signed by the trial court on April 4, 2018, containing a handwritten sentence; and

- order denying objections to Jean M. Ebeling's summary judgment evidence, signed by the trial court on April 4, 2018.

---

has also filed a related petition for writ of prohibition and mandamus and has attached documents from the underlying proceeding in the trial court's cause number 45310. By opinion issued this same date, we have denied Arlitt's petition in this Court's cause number 03-18-00805-CV.

For purposes of determining our jurisdiction over this appeal, we take judicial notice and consider the documents provided by the parties in this appeal and the documents filed in the related original proceeding. *See* Tex. R. Evid. 201; *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) (citing Texas Rule of Evidence 201 and taking judicial notice of relevant facts outside record to determine jurisdiction); *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (per curiam) (explaining that "[a]ffidavits outside the record cannot be considered by the Court of Civil Appeals for any purpose other than determining its own jurisdiction").

In the trial court's order that granted Defendants' motion to sever disposed claims, the trial court ordered that counter-plaintiff Jean M. Ebeling's request for declaratory judgment, that was granted by the court on May 3, 2017, and her claim for tortious interference with inheritance rights were severed from the trial court's cause number 45310. On a separate copy of this order provided by Arlitt, there is an initialed handwritten sentence that states: "The clerk of the court is ordered to assign the newly created and severed action the separate cause number of 45310B."

The trial court also signed a separate order on April 4, 2018, granting the motion for severance of Robert L. Ebeling, Jr., Successor Trustee of the Nancy S. Ebeling Trust. The separate order lists the documents and associated exhibits to be included in the docket for the newly created cause number and orders that the May 2017 orders granting counter-plaintiff Jean M. Ebeling's cross motion for summary judgment and denying in part and granting in part Plaintiff's and Third Party Defendant's motion for summary judgment and the April 4, 2018, order granting Jean M. Ebeling's motion for severance were "final and appealable as of the date of this order." This order leaves blank spaces for the severed action's cause number.

**Analysis**

In their motion to dismiss, appellees contend that Arlitt's notice of appeal was not timely because it was filed 150 days after the trial court lost plenary power over the severed claims. They argue that the severance order signed by the trial court on April 4, 2018, granting Defendants' motion to sever disposed claims served as the final judgment of all third party claims and causes of action asserted by or against Arlitt. Appellees represent and Arlitt does not dispute that she did not file a post-judgment motion within 30 days of April 4, 2018—she filed a motion for new trial on

3

June 29, 2018. Thus, a notice of appeal from the severance order was due on May 4, 2018, or within 15 days after May 4, 2018, with a timely filed motion for extension. *See* Tex. R. App. P. 26.1 (generally requiring notice of appeal to be filed within 30 days of judgment or appealable order being signed), 26.3 (allowing 15 day extension with timely filed motion for extension); Tex. R. Civ. P. 329b(a) (requiring motion for new trial to be filed within 30 days of judgment being signed). Arlitt did not file her notice of appeal until October 1, 2018.

In her response to appellees' motion to dismiss, Arlitt does not disagree with appellees as an initial matter that this Court does not have jurisdiction over this appeal, although her position is based on a different ground. Arlitt argues that "[t]he appeal is not timely and should not be considered at this time by the Appellate Court as there is no single final judgment actually ripe for appeal at this time." Her position is that her appeal is "premature." *See* Tex. R. App. P. 27.1 (addressing prematurely filed notice of appeal), 27.3 (addressing actions appellate court may take to "allow an appealed order that is not final to be modified so as to be made final"). As support for her position, Arlitt cites pending claims in the trial court's cause number 45310 that she contends are the same as claims in the severed cause number, and she asks for this Court to abate this appeal until the final adjudication of the claims in cause number 45310 so that the cause numbers "could be combined into a single appeal." The pending claims that remain in the original cause number, however, do not impact our analysis as to the disposed claims in the severed cause number.

Absent a timely filed notice of appeal from a final judgment or appealable interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "As a rule, the severance of an interlocutory judgment into a

separate cause makes it final," but a court "can condition the effectiveness of the severance on a future certain event, such as . . . payment of fees associated with the severance by the party requesting it." *Doe v. Pilgrim Rest Baptist Church*, 218 S.W.3d 81, 82 (Tex. 2007) (per curiam) (citation omitted). Based on our review of the severance orders here, we conclude that the trial court did not condition the effectiveness of the orders on a future event. *See id.*; *see also VicNRG LLC v. FCStone, LLC*, No. 14-15-00194-CV, 2015 Tex. App. LEXIS 4282, at *2–3 (Tex. App.—Houston [14th Dist.] Apr. 28, 2015, pet. denied) (mem. op.) (collecting cases in which severance order "indicates further proceedings are to be conducted in the severed action" and concluding that severance order before court "disposed of all unadjudicated issues and parties, thereby making the partial summary judgment final and appealable").

In the order granting Defendants' motion to severe disposed claims, the trial court expressly states: (i) Jean M. Ebeling's counterclaims and third party claims have been disposed of by the court, including her requests for declaratory judgment that the trial court granted in May 2017; (ii) Jean M. Ebeling's request for declaratory judgment was "severed from this lawsuit, disposing of the following claims declared by this Court"; and (iii) the declarations made by the court are then listed. The order granting the motion for severance of Robert L. Ebeling, Jr., also expressly states that the specified orders—including the summary judgment orders that Arlitt identifies in her notice of appeal—were "final and appealable as of the date of this order." The blank spaces for the severed cause number on this order do not affect its finality. *See AZS Holding Co. v. Khosh-Sirat*, No. 05-18-00845-CV, 2018 Tex. App. LEXIS 8672, at *2 (Tex. App.—Dallas Oct. 24, 2018, no pet.) (mem. op.) (concluding that severance order was final even though it left blank new cause

number and explaining that "finality of an unconditional severed judgment" is not affected by "[w]hether the trial court clerk ever creates a physically separate file or assigns a new cause number"); *see also McRoberts v. Ryal*, 863 S.W.2d 450, 452–53 (Tex. 1993) (stating that "order granting a severance with a judgment in the cause ordered severed is effective when signed . . . without the district clerk's creation of a separate physical file with a different cause number"). Thus, we conclude the orders that Arlitt has attempted to appeal in this case were final on April 4, 2018, when the trial court signed the severance orders. *See Doe*, 218 S.W.3d at 82; *Lee v. One World Bank*, No. 05-16-00688-CV, 2016 Tex. App. LEXIS 8829, at *2 (Tex. App.—Dallas Aug. 15, 2016, pet. denied) (mem. op.) (explaining that generally "order granting a severance is effective when signed, regardless of whether the district clerk creates a separate physical file with a different cause number"; that interlocutory summary judgment became final on day severance order signed; and that day severance order was signed was "operative date triggering the appellate deadlines"). It follows that Arlitt's notice of appeal was not premature but untimely.

Arlitt alternatively contends in her response that Texas Rule of Civil Procedure 306a(3) and (4) apply, such that her notice of appeal was timely filed. *See* Tex. R. Civ. P. 306a(3), (4). Arlitt contends that the district clerk violated rule 306a(3) by failing to mail her copies of the severance orders. *See id.* R. 306a(3) (requiring clerk of court to mail notice to parties that final judgment or appealable order was signed). She further contends that she did not obtain "actual knowledge" until around June 4, 2018, of the April 4, 2018, order granting Defendants' motion to sever disposed claims that contained the "handwritten amendment" on the order assigning the separate cause number 45310B. Based on her "actual knowledge" of this order on June 4, 2018,

6

Arlitt contends that any appellate timetable did not start to run until June 4, 2018, at the earliest, and, therefore, that her notice of appeal, that was filed on October 1, 2018, and her motion for new trial, that was filed on June 29, 2018, were timely filed. *See* Tex. R. App. P. 26.1(a)(1) (stating that notice of appeal must be filed within 90 days after judgment is signed if party timely filed motion for new trial); Tex. R. Civ. P. 329b(a) (requiring motion for new trial to be filed within 30 days of judgment or order being signed).

According to Arlitt's position, the trial court handwrote the sentence on the April 4, 2018, order granting the Defendants' motion to sever disposed claims some time between June 1 and 4, 2018. Arlitt, however, has provided a copy of the reporter's record from a hearing before the trial court on August 24, 2018, that negates this position. The record, which was attached to her petition for writ of prohibition and mandamus in the related original proceeding, reflects that the trial judge added the sentence on the order on the same day that he signed it—April 4, 2018—and that the order with the handwritten sentence has been on file with the trial court clerk from that point forward.[2] We also observe that, regardless of the trial court clerk's alleged failure to comply with the requirement in paragraph (3) of rule 306a and the handwritten sentence on the order granting Defendants' motion to sever disposed claims, Arlitt did not comply with the sworn motion, notice,

---

[2] The trial judge explained:

I want to be clear on what the Court did. The Court signed—you're calling it Order No. 2 [the order without the handwritten sentence]. It was not filed with the clerk. I signed it, I scanned it, I emailed it to you guys, and then I realized that there wasn't another cause number so before it was filed with the clerk on the same date, April 4th, 2018, is when I interlineated it and then it was on file with the clerk at any time from that point forward.

and hearing requirements mandated by paragraph (5) to establish the application of paragraph (4). "[T]he party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first received a notice of the judgment or acquired actual knowledge of the signing and that the date was more than twenty days after the judgment was signed." *See id.* R. 306a(5). The deadline extensions in paragraph (4) do not apply if a party has actual notice of the judgment or order within 20 days of it being signed, and the party's actual knowledge of the content of the judgment or order is not required. *See id.* R. 306a(4); *In re Rhodes*, 293 S.W.3d 342, 344 (Tex. App.—Fort Worth 2009, orig. proceeding) (explaining that rule 306a's notice requirements do not require actual knowledge of contents of order). Arlitt admits that she had actual notice of the severance orders on April 4, 2018—she attached a copy of the trial court's email to the parties providing this notice.

Based on our review of the documents provided by the parties, we conclude that rule 306a does not apply to extend Arlitt's appellate deadlines for filing a notice of appeal in this case, such that her notice of appeal would be timely. *See* Tex. R. Civ. P. 306a.

**Conclusion**

Because we agree with appellees that Arlitt did not file her notice of appeal timely, we grant appellees' motion to dismiss and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

8

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed for Want of Jurisdiction

Filed:   December 11, 2018