**AFFIRMED and Opinion Filed March 8, 2023**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00408-CV**
_____

**DAVID AND LYDIA MAIN, Appellants**

**V.**

**JOSEPH ELMER LONG, FARMERS EXPRESS LLC, BRANDON SCOTT LAWSON, KOCH COMPANIES AND GILBERT ESPINOSA DBA ESPINOSA TRUCKING, Appellees**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-08276**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Goldstein

David and Lydia Main appeal the trial court's no evidence summary judgment

in favor of Gilbert Espinosa d/b/a Espinosa Trucking (Espinosa).[1]  In three issues,

---

[1] Defendants Joseph Elmer Long, Farmers Express LLC, Brandon Scott Lawson, and Koch Companies were named in this suit, but no citations were requested, issued, or served.  Although the trial court severed this cause by written order, no separate physical file with a different cause number was created; therefore, we proceed under the parent cause.  *See McRoberts v Ryals*, 863 S.W.2d 450, 452-453 (Tex. 1993) (order granting severance is effective when signed, regardless of whether district clerk creates separate physical file with different cause number.); s*ee also Doe I v. Pilgrim Rest Baptist Church*, 218 S.W.3d 81, 82 (Tex. 2007) (as a rule, severance of interlocutory judgment into separate cause makes it final; however, a court can condition effectiveness of severance on future certain event, such as payment of fees associated with severance by party requesting it.)**.**  As the trial court's order of severance contained no conditional language, it was final when signed*.  Id*.; *see also AZS Holding Co., LLC v. Khosh-Sirat*, No. 05-18-00845-

the Mains argue the trial court erred in granting Espinosa's summary judgment motion, striking the Mains' first and second amended petitions, and signing an order severing the Mains' claims against Espinosa. We affirm the trial court's judgment.

## PROCEDURAL BACKGROUND

On June 7, 2019, the Mains filed their original petition asserting a negligence claim against "Gilbert Espinosa dba Espinosa Trucking" arising out of a multi-vehicle collision on June 9, 2017. The petition also asserted Lydia's claim for loss of consortium arising from David's bodily injuries. The petition alleged Gilbert Espinosa d/b/a Espinosa Trucking was "the defendant whose operation on the day of the collision of his vehicle failed to attain the standards required of a reasonably prudent motorist," and "[h]is failure to operate his vehicle prudently resulted in a crash" that proximately caused bodily injuries to David. The petition acknowledged that the case was filed near the second anniversary of the crash and, as a "precaution against the event that Gilbert Espinosa were to allege that this crash was not entirely his fault," the petition named as defendants Long, Farmers Express, Lawson, and Koch Companies. However, the petition stated that "[n]o issuance of citation on those defendants" was requested.

In July 2019, Espinosa filed a general denial. In August 2019, the trial court entered a scheduling order setting the case for trial on July 28, 2020, and setting a

---

CV, 2018 WL 5278730 at *1 (Tex. App.—Dallas October 24, 2018, no pet.) (mem. op.). We do not comment on or address the continued presence of the unserved defendants in the parent cause.

March 30, 2020, deadline for filing amended pleadings asserting new causes of action or defenses.

On March 30, 2020, Espinosa filed its first amended original answer, verified denial, and special exceptions to the original petition alleging a defect in parties. Specifically, Espinosa argued he "was not operating a motor vehicle at the time of the accident made the basis of this lawsuit and was not in the course and scope of his employment" as alleged by the Mains. Espinosa contended he was therefore not liable in the capacity in which he was sued. As an affirmative defense, among other things, Espinosa reiterated his claim that the Mains sued an improper party.[2]

In April 2020, Espinosa filed a traditional motion for summary judgment, sans evidentiary support, on the grounds that the Mains "failed to issue citation and serve [Espinosa's] driver, Brandon Scott Lawson, with process since the suit's initiation."[3] Espinosa pointed out that the Mains filed suit two days before the applicable two-year limitation deadline and argued that merely filing a lawsuit was not sufficient to avoid the expiration of a statute of limitations; a party also had to exercise due diligence in the issuance and service of citation in order to avoid the running of limitations. Because the Mains altogether failed to have citation issued for Lawson,

_____

[2] Espinosa asserted further that the Mains' damages were the result of the negligence of third parties or the negligence of the Mains themselves, the medical treatment claimed by the Mains was excessive and unnecessary, the Mains failed to mitigate their damages, the Mains' medical expenses should be limited to those actually paid or incurred, and the Mains' damages were the result of pre-existing conditions or subsequent conditions not the result of any act or omission by Espinosa.

[3] Espinosa attached two pleadings to the motion: Plaintiffs' Original Petition and his First Amended Original Answer.

Espinosa argued, the Mains "could not exercise diligence in effecting service on" Lawson. In making this argument, Espinosa noted that the discovery deadline and the pleading deadline expired, but the Mains did not take action to investigate whether all parties were correctly named in the underlying lawsuit or to determine who was the true driver of Espinosa's vehicle.

The Mains filed a response to the motion for summary judgment in which they asserted it was not necessary to serve citation on the truck driver in order to recover from the truck owner for "the truck owner's derivative liability for the truck owner's driver's negligence, in respondeat superior." The response also argued the motion for summary judgment could not be granted because "Texas law does not require that plaintiffs make the *driver* a party to this lawsuit when the defendant from whom plaintiffs seek to recover damages is the (solvent and insured) truck *owner* who put the driver behind the wheel." The response requested leave to file a first amended petition "filed of even date herewith."

On May 27, 2020, the trial court signed an order granting Espinosa's traditional motion for summary judgment.[4] The order specified the Mains' response to Espinosa's summary judgment motion was "disregarded and not considered" because the response was "untimely filed and served under Rule 166a(c) without leave of court one day prior to hearing, properly noticed for May 18, 2020."

---

[4] The trial court dismissed all of the Mains' claims against Espinosa with prejudice notwithstanding the factual predicate related to non-service of Lawson.

The Mains filed a motion for reconsideration and/or new trial on June 19, 2020, asking the trial court to "reconsider its recent orders, withdraw them, deny the summary judgment motion, reinstate this case on the active docket of this Court, and sign, if necessary, an order granting new trial." On June 30, 2020, the trial court held a hearing on the Mains' motion for new trial. At the hearing, the trial court indicated Espinosa's motion for summary judgment should have been presented as a no-evidence motion and orally granted the Mains' "motion for reconsideration." While no written order granting the new trial is in the record, it is clear from the parties' conduct in filing and responding to the no evidence summary judgment that such new trial was granted.

On June 30, 2020, the Mains filed a second amended original petition. The Mains did not seek leave to amend, and no such leave was granted by the trial court.

On July 1, 2020, Espinosa filed a no-evidence motion for summary judgment asserting that the Mains' common law negligence claim against Espinosa Trucking failed because Espinosa Trucking "is a business entity and could not, and was not, driving any vehicle on the incident date as alleged" by the Mains. The motion asserted there was no evidence to prove the Mains' common law negligence and derivative loss of consortium claims against "Gilbert Espinosa d/b/a Espinosa Trucking."

On July 23, 2020, the Mains filed a response to Espinosa's no-evidence motion for summary judgment. The response asserted that the Mains' original

petition should not be misread to "plead a negligence case so extremely narrowly as to plead only that Gilbert Espinosa d/b/a Espinosa Trucking was behind the wheel" of the truck involved in the underlying accident. The response argued that Espinosa brought an attack on the sufficiency of the Mains' original petition, and such an attack had to be raised by filing special exceptions, not a motion for no-evidence summary judgment. The response was supported by the Mains' "unsworn declaration[s] under penalty of perjury." David's declaration, among other things, set out the facts of the underlying accident as follows: David was in traffic near Wylie on June 9, 2017, waiting to make a turn when he "became aware a collision was imminent because [he] heard the screeching sound of skidding tires" and saw "the dump truck skidding." David "had the impression [the driver of the truck] had been going about 55 m.p.h. and just slammed his brakes and started skidding." David "heard the first crash, then [he] heard more crashes, then [he] felt the impacts." David's declaration described how David spoke to the drivers of other vehicles involved in the collision and took pictures at the scene, including pictures of the driver's license and insurance card of the man "who was driving the heavy tandem dump truck-trailer." David alleged he had two orthopedic surgeries since the crash "to improve [his] conditions that were caused by or aggravated by the crash." David stated he "did not see any good reason why the dump truck did not stop in time and crashed into the truck that crashed into the Flex that crashed into" him. "One guess" David made is that the driver of the dump truck saw a green light in his lane of travel

–6–

and "did not realize until too late that all the line of vehicles in front of him was not moving and he would have to stop."  David stated:

> I think a reasonably careful driver should have seen that he needed to stop, especially if he were operating a very heavy tandem commercial dump truck, and should have brought his vehicle to a stop before crashing into other vehicles.  But from what I could see it seemed like he was not paying attention, since he reacted too late.

Lydia's declaration described David's injuries and pain that resulted from the accident and the negative impact of David's injuries in the Mains' personal lives. Also attached were photographs of the accident scene and Lawson's driver's license and insurance card.

On July 30, 2020, the trial court conducted a hearing on Espinosa's no-evidence motion for summary judgment.  That same day, Espinosa filed a motion to strike the Mains' first and second amended petitions on the grounds that they were filed outside the deadline set by the trial court's scheduling order and without leave of court.  Espinosa also argued that the amended petitions were "prejudicial on their face" because they alleged new causes of action, negligent entrustment and vicarious liability, and Espinosa was "unfairly surprised by the untimely, new allegations" in the first and second amended petitions.

On August 5, 2020, the trial court signed an order granting Espinosa's no-evidence motion for summary judgment to the extent it sought dismissal of the Mains' negligence claim and to the extent Lydia's loss of consortium claim was derivative of the Mains' negligence claim.  The order denied Espinosa's motion to

–7–

the extent Lydia's loss of consortium claim was derivative of the Mains' negligent entrustment claim.

On March 11, 2021, the trial court entered an order severing the Mains' claims against Espinosa from the remainder of the case and ordering that the trial court's August 5, 2020 order granting Espinosa's no-evidence motion for summary judgment was final and appealable. The Mains again filed a motion for new trial on April 9, 2021.

On May 5, 2021, the trial court signed an order denying the Mains' motion for new trial with findings that: (1) the Mains' first and second amended petitions were properly struck because they were both filed untimely and without leave of court; (2) pursuant to the trial court's August 21, 2020 order striking the Mains' first and second amended petitions, the only live pleading was the Mains' original petition; (3) the original petition asserted only a general negligence claim against Espinosa; (4) the Mains' original petition did not make a claim for negligent entrustment and, therefore, no derivative damage claim for Lydia was made; and (5) the Mains had no outstanding claims against Espinosa following the trial court's August 5, 2020 order granting Espinosa's no-evidence motion for summary judgment as to the Mains' negligence claim. This appeal followed.

**STANDARD OF REVIEW**

We review summary judgments de novo. *De La Cruz v. Kailer*, 526 S.W.3d 588, 592 (Tex. App.—Dallas 2017, pet. denied). After adequate time for discovery,

–8–

a party may move for no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). To defeat summary judgment, the non-movant must produce summary-judgment evidence that raises a genuine issue of material fact on each of the challenged elements. *Id*. We review no-evidence summary judgments under the same legal-sufficiency standard as directed verdicts. *De La Cruz*, 526 S.W.3d at 592. Under that standard, we view the evidence in the light most favorable to the non-movant, indulge all inferences in the non-movant's favor, credit evidence that a reasonable jury could credit, and disregard contrary evidence and inferences unless a reasonable jury could not. *Id.* We sustain a no-evidence challenge when: "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Id*.

"More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id*. (quoting *Kindred v. Con/Chem,*

*Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). A mere pleading or response to a summary judgment motion does not satisfy the burden of coming forward with sufficient evidence to prevent summary judgment. *Am. Petrofina v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994).

## ANALYSIS

In their first issue, the Mains argue the trial court erred in entering its August 5, 2020 order granting Espinosa's no-evidence summary judgment "because there was evidence." Espinosa's no evidence motion challenged each element of the Mains' common law negligence and derivative loss of consortium claims on the specific basis that Gilbert Espinosa dba Espinosa Trucking, as a business entity was not driving the vehicle. In response, the Mains cite to their "detailed Declarations" that "carefully checked the boxes of each and every element of their causes of action (including damages) and which were glossed by photographs David Main took at the crash scene of the crashing truck driver's driving license" and insurance card. Because they presented "responsive summary judgment evidence" of each element of a personal injury negligence claim, the Mains argue, the trial court erred by granting a no-evidence summary judgment in favor of Espinosa.

The Mains' response to Espinosa's no-evidence motion for summary judgment raised arguments about why Espinosa's motion was not actually a no-evidence motion, contending their petition should not be read so narrowly as to plead only that "Gilbert Espinosa d/b/a Espinosa Trucking" was behind the wheel of the

–10–

dump truck involved in the accident.[5]  The court must grant a no-evidence motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact on one or more essential elements of a claim.  TEX. R. CIV. P. 166a(i).  The Mains' declarations alleged an accident occurred but then offered only David's "guess" as to the cause of the accident and his opinion that a reasonably careful driver would have brought his vehicle to a stop before crashing into other vehicles.  Other than the attached photographic evidence of the persons involved and the property damage, we conclude this evidence is "'so weak as to do no more than create a mere surmise or suspicion' of a fact" for any asserted liability on any claimed element of negligence or loss of consortium.  *King Ranch*, 118 S.W.3d at 751 (quoting *Kindred*, 650 S.W.2d at 63).  Under these circumstances, we further conclude the trial court did not err in granting Espinosa's no-evidence motion for summary judgment.  TEX. R. CIV. P. 166a(i); *De La Cruz*, 526 S.W.3d at 592.  We overrule the Mains' first issue.

In the Mains' second issue, they assert the trial court abused its discretion in striking their first amended petition and second amended petition.

---

[5] The Original Petition alleges: "Defendant Gilbert Espinosa dba Espinosa Trucking is on information and belief the defendant whose operation on the day of the collision of his vehicle failed to attain the standards required of a reasonably prudent motorist. He drove his vehicle into the rear end of another vehicle. His failure to operate his vehicle prudently resulted in a crash, proximately causing bodily injuries to plaintiff David Main.  Given the long skid marks at the scene, the evidence may show he was overloaded, and/or that his tires were inadequate or his brakes inadequately maintained or functioning."

A trial court's decision on whether to allow the amendment of pleadings is reviewed under an abuse of discretion standard. *Hardin v. Hardin*, 597 S.W.2d 347, 349–50 (Tex. 1980); *Halmos v. Bombardier Aerospace Corp.*, 314 S.W.3d 606, 622 (Tex. App.—Dallas 2010, no pet.). The trial court's enforcement of its scheduling order is also reviewed for abuse of discretion. *Bagwell v. Ridge at Alta Vista Invs. I, LLC*, 440 S.W.3d 287, 292 (Tex. App.—Dallas 2014, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). When reviewing matters committed to a trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

Generally, a party may amend its pleadings at any time prior to seven days before trial unless the amended pleadings operate as a surprise to the opposing party. TEX. R. CIV. P. 63. That deadline may be altered by the trial court in a scheduling order issued pursuant to rule 166. TEX. R. CIV. P. 63; *see also* TEX. R. CIV. P. 166. A party may seek leave of court to amend its pleadings after the deadline imposed by a scheduling order entered pursuant to rule 166. TEX. R. CIV. P. 63. Leave "shall be granted" by the trial court "unless there is a showing that such filing will operate as a surprise to the opposing party." *Id.* A trial court has no discretion to refuse an amended pleading unless (1) the opposing party presents evidence of surprise or prejudice; or (2) the amendment asserts a new cause of action or defense, and is thus

–12–

prejudicial on its face, and the opposing party objects to the amendment. *Halmos*, 314 S.W.3d at 622.

In denying the motion for new trial, the trial court determined the Mains' first and second amended petitions were both filed untimely and without leave of court.[6] We conclude that the amended petitions constituted a surprise and were prejudicial in that they attempted to change the theory of the case on the sole served defendant that the Mains had pursued through extensive litigation that lasted past the deadline set for amendment of pleadings; sought to add new causes of action and new theories of the case and were thus prejudicial on their face; and were objected to by Espinosa. *See id.* Therefore, we conclude the trial court did not abuse its discretion or err in striking the Mains' first and second amended petitions without allowing the Mains to amend. *See* TEX. R. CIV. P. 63. We overrule the Mains' second issue.

In their third issue, the Mains argue the trial court erred in signing the March 11, 2021, order severing the Mains' claims against Espinosa from the remainder of the case.

Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against any party may be severed and proceeded with separately." *See* TEX. R. CIV.

---

[6] We note procedurally that the August 5, 2020 no evidence summary judgment order implies the court considered the existence of the amended pleadings by ordering: "To the extent that Plaintiff Lydia Main's loss of consortium is derivative of Plaintiffs' negligent entrustment claim, the Motion is DENIED." However, the trial court thereafter struck both amended petitions by written order on August 21, 2020 and based upon the striking of the amended pleadings determined in the order denying the Mains' motion for new trial that there were no outstanding claims against Espinosa following the granting of the no evidence summary judgment on the Mains' negligence claim.

–13–

P. 41. This rule "grants the trial court broad discretion in the matter of severance," and the trial court's ruling will not be reversed unless it has abused its discretion. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). "A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *Id.*

The Mains complain the order of severance did not dispose of all claims because the trial court's August 5, 2020, order left open the possibility that Lydia had a loss of consortium claim derivative of a negligent entrustment claim. On the contrary, the March 11, 2021, order severing the Mains' claims against Espinosa from the remainder of the case ordered that the trial court's August 5, 2020 order granting Espinosa's no-evidence motion for summary judgment was final and appealable. By that time, the trial court had stricken the Mains' first and second amended petitions, and no claim for negligent entrustment was before the court. Accordingly, the trial court did not abuse its discretion in severing the Mains' claims against Espinosa from the remainder of the case. *See id.* We overrule the Mains' third issue.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
_____
BONNIE LEE GOLDSTEIN
JUSTICE

210408F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DAVID AND LYDIA MAIN,
Appellants

No. 05-21-00408-CV     V.

JOSEPH ELMER LONG,
FARMERS EXPRESS LLC,
BRANDON SCOTT LAWSON,
KOCH COMPANIES AND
GILBERT ESPINOSA DBA
ESPINOSA TRUCKING, Appellees

On Appeal from the 162nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-08276.
Opinion delivered by Justice
Goldstein. Justices Pedersen, III and
Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees JOSEPH ELMER LONG, FARMERS EXPRESS LLC, BRANDON SCOTT LAWSON, KOCH COMPANIES AND GILBERT ESPINOSA DBA ESPINOSA TRUCKING recover their costs of this appeal from appellants DAVID AND LYDIA MAIN.

Judgment entered this 8th day of March 2023.