COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Jaeson Jones, Individually v. Charla Hale

Appellate case number:    01-21-00506-CV

Trial court case number:   25076-A

Trial court:              25th District Court of Colorado County

On September 17, 2021, appellant, Jaeson Jones, filed two separate notices of appeal from the trial court's November 26, 2019 interlocutory order granting summary judgment in favor of appellee, Charla Hale. According to appellant's notices of appeal, the trial court's November 26, 2019 interlocutory order became final and appealable "after the 2nd Amended Order Granting Severance was signed [by the trial court] on August 6, 2021." However, the appellate record reflects that the severance was effective as of August 5, 2021, when the trial court signed its "Amended Order Granting Severance." *See Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994) ("When a severance order takes effect, the appellate timetable runs from the signing date of the order that made the judgment severed 'final' and appealable.").

The underlying trial court litigation was originally assigned trial court cause number 25076. Pursuant to the trial court's order of severance, the trial court clerk was directed to open a new case styled "Jaeson Jones, as an Individual v. Charla Hale," under trial court cause number 25076-A.[1] As noted, appellant filed two separate notices of appeal, one under the original trial court cause number, and one under the severed cause number, assigned appellate cause numbers 01-21-00505-CV and 01-21-00506-CV, respectively.

Also on September 17, 2021, in each appellate cause number, appellant filed a "Motion for Extension of time to File Notice of Appeal Under Tex. R. App. P. . . . 26.3 and

---

[1]    We note that in the August 5, 2021 "Amended Order Granting Severance," the trial court directed the trial court clerk to open a new case "under Cause No. 25076-B." However, in the trial court's August 6, 2021 "2nd Amended Order Granting Severance," the trial court directed the trial court clerk to open a new case "under Cause No. 25076-A." For the purposes of this order, we will refer to the severed trial court case as trial court cause number "25076-A."

Tex. R. App. P. . . . 10.5(b)." Generally, a notice of appeal must be filed within thirty days of the date of the trial court's judgment unless a party files a motion for new trial, in which case the deadline is extended to ninety days. *See* TEX. R. APP. P. 26.1(a). Additionally, the rules extend the deadline to file a notice of appeal by fifteen days where the party: (a) files a notice of appeal in the trial court, and (b) files a motion for extension of time to file a notice of appeal in the appellate court. *See* TEX. R. APP. P. 26.3. Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1.

In his motion for extension of time to file notice of appeal, appellant notes that, on August 13, 2021, he filed a motion for new trial in the original trial court cause number because "the trial court clerk had not set up the new file and cause number as instructed by the trial court order of severance." Assuming appellant timely filed his motion for new trial, his deadline to file his notice of appeal was November 3, 2021. In this scenario, appellant's September 17, 2021 notice of appeal is timely, and no motion for extension of time is necessary.

However, on November 30, 2021, appellee filed a "Motion to Dismiss for Want of Jurisdiction," arguing that this Court lacks jurisdiction over appellate cause number 01-21-00506-CV (appealing from trial court cause number 25076-A), because appellant failed to timely file his notice of appeal. Appellee presents two arguments in support of her motion to dismiss. First, she asserts that the appellate timetable began to run on July 23, 2021, when the "trial court signed an [o]rder severing [appellant's] claims." Based on that date, according to appellee, any notice of appeal was due to be filed no later than September 6, 2021, including the fifteen-day extension period provided by Texas Rule of Appellate Procedure 26.3. Because appellant did not file his notice of appeal until September 17, 2021, appellee argues that appellant's notice of appeal is not timely, and this Court lacks jurisdiction.

On September 22, 2021, appellee requested that the trial court clerk file a supplemental "partial clerk's record . . . in support of [her] Motion to Dismiss for Want of Jurisdiction," including the "Order of Severance signed July 23, 2021." In her letter requesting the supplemental clerk's record, appellee attached a copy of an order purportedly showing that the trial court signed an order of severance on July 23, 2021. On November 19, 2021, the trial court clerk filed the supplemental clerk's record requested by appellee, which included: (1) appellee's "letter requesting supplemental record," including the attachments provided by appellee, (2) the trial court's "Amended Order Granting Severance (signed 8/5/21)," and (3) the trial court's "Second Amended Order Granting Severance (signed 8/6/21)."

The appellate record presented to this Court, including the clerk's record and supplemental clerk's record requested by appellee, does not include any trial court order of severance dated July 23, 2021. The only order included in the appellate record purporting to show a severance order signed by the trial court on July 23, 2021 is the version included in appellee's November 19, 2021 letter requesting a supplemental partial clerk's record. Instead, the clerk's record, and supplemental clerk's record, establish that the trial court's

2

first order of severance was signed by the trial court on August 5, 2021. Accordingly, we conclude that the appellate timelines began to run on August 5, 2021.

Second, appellee argues that appellant's notice of appeal was not timely because "no [m]otion for [n]ew [t]rial was filed in [trial court] [c]ause [number] 25076[-]A and none appears in the record before this [C]ourt." Here, appellee asserts that the appellate timelines were not extended by the filing of a post-judgment motion, and any notice of appeal was due on or before September 6, 2021. As noted above however, appellant filed a motion for new trial in trial court cause number 25076. In his motion for extension of time, appellant notes that his motion for new trial was filed in trial court cause number 25076, instead of the severed trial court cause number 25076-A, because "the trial court clerk had not set up the new file and cause number" at the time the motion for new trial was filed.

In her motion to dismiss, appellee argues that the motion for new trial filed in trial court cause number 25076 does not extend the appellate deadlines in the severed case, trial court cause number 25076-A. *See Halo Holdings Grp., LLLP v. Light Tower Rentals, Inc.*, No. 11-16-00079-CV, 2016 WL 1553549, at *2–3 (Tex. App.—Eastland Apr. 14, 2016, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction where appellant filed motion for new trial "with the wrong [c]ourt"); *see also Levin v. Espinosa*, No. 03-14-00534-CV, 2015 WL 690368, at *1–3 (Tex. App.—Austin Feb. 13, 2015, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction where appellant filed motion for new trial in original cause number, not severed cause number).

However, the cases cited in appellee's motion to dismiss ignore appellant's contention that his motion for new trial was filed in the original trial court cause number, as opposed to the severed trial court cause number, because the severed trial cause number had not been set up by the trial court clerk at the time his motion for new trial was filed. In this scenario, the Texas Supreme Court has held that a motion for new trial may extend appellate timelines. *See McRoberts v. Ryals*, 863 S.W.2d 450, 451 (Tex. 1993) (concluding motion for new trial and notice of appeal were timely filed where motion for new trial was filed in "parent" case because appellant "faced the impossible dilemma of having to timely file his motion for new trial under a nonexistent cause number").

Because a separate case file had not been established by the trial court clerk at the time appellant timely filed his motion for new trial, we conclude that appellant's motion for new trial filed in trial court cause number 25076 was sufficient to extend the appellate deadlines for an appeal of the final judgment in trial court cause number 25076-A. Accordingly, appellant's deadline to file his notice of appeal of the final judgment in trial court cause number 25076-A was November 3, 2021. His September 17, 2021 notice of appeal was therefore timely filed, and no extension of time to file his notice of appeal is necessary. Accordingly, appellant's motion for extension of time to file his notice of appeal has been rendered moot and is **denied**.

Further, because appellant's notice of appeal was timely filed, for the reasons discussed in this order, appellee's motion to dismiss appellate cause number

01-21-00506-CV for want of jurisdiction is **denied**.

It is so ORDERED.

Judge's signature: ____/s/ Amparo Guerra_____
                        ☑ Acting individually    □ Acting for the Court

Date: ___December 16, 2021_____